STATE of Minnesota, Respondent,

v.

Daniel KNIGHT, Appellant.

No. 47068.

Supreme Court of Minnesota.

Nov. 18, 1977.

Edward M. Cohen and Mark D. Luther, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson, Phebe S. Haugen, Asst. County Attys., and Lee W. Barry, Law Clerk, Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of two of three counts of aggravated assault and was sentenced by the trial court on one of the two counts to a term of 10 years in prison. The basic issue raised by defendant's appeal from judgment of conviction is whether defendant is entitled to a new trial on the ground of improper joinder of offenses for trial. We hold that he is not, and affirm.

The three charges arose from two assaults by defendant on a woman with whom he was staying, the first assault late in the afternoon of February 7, 1976, the second about 12 hours later, early on the morning of February 8, 1976. Both assaults occurred at the apartment of the victim and both were preceded by a charge by defendant that the victim had taken money from his billfold. The assaults were separated by a short period of apparent reconciliation.

Rule 17.03, subd. 1, Rules of Criminal Procedure, provides for limited joinder of offenses, the test for joinder being the same as that provided in Minn.St. 609.035, which provides that a defendant may be prosecuted and punished only once for multiple crimes arising from the same behavioral incident. The approach which we have followed under § 609.035 in determining whether two or more intentional crimes arose from the same course of conduct is to focus on the factors of time and place and to consider also whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective. *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966).

In this case it is a close question whether the assaults arose from the same course of conduct, and so the state acted reasonably in joining the offenses in one complaint in order to protect itself from any later claims of multiple prosecutions or punishment contrary to § 609.035. See, *State v. Johnson, supra.* The issue, then, is not whether the state was justified in joining the offenses but whether the trial court's failure to grant defendant's motion for severance under Rule 17.03, subd. 3, Rules of Criminal Procedure, was prejudicially erroneous. Technically, defendant did not move for a severance but instead moved for a dismissal. As Rule 17.03, subd. 3, provides, misjoinder of offenses or defendants shall not be grounds for dismissal but shall be grounds for severance. However, the fact that defendant moved for dismissal instead of severance does not prevent us from considering the issue in this case because the court's ruling makes it clear that the court would have denied a motion for severance also.

While the two assaults arguably were divisible—see, *State v. Shevchuk*, 282 Minn. 182, 163 N.W.2d 772 (1968)—we do not need to decide this point because it is apparent that there is no merit to defendant's contention that he was prejudiced by a joint trial.

For one thing, the offenses were so closely related that on the trial of one charge evidence concerning the other offenses would have been admissible as relevant evidence. There still would have been the problem of separating the issues and that would have been a problem for the court to handle just as it was in this case. Here the court handled the problem by clearly instructing the jury to treat the events of the 7th and 8th separately.

In addition, the evidence of defendant's commission of the offenses of which he was found guilty was very strong, and he put forward no real defense. In fact, in closing argument defense counsel admitted the basic facts but tried to convince the jury that it should find defendant guilty of only one offense.

Finally, defendant benefited from the way things were handled because he was sentenced only once, whereas if the crimes had been treated as arising from separate incidents, defendant could have been sentenced to two terms.

Affirmed.