**STATE of Minnesota, Respondent,**

v.

**Frederick A. ARMELL, Appellant.**

No. 48434.

Supreme Court of Minnesota.

July 6, 1979.

C. Paul Jones, Public Defender, and Linda Matthews Britton, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., and John H. Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Robert W. Kelly, County Atty., Stillwater, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of escape from prison and six other charges (two counts each of burglary, aggravated assault, and aggravated robbery) for acts committed after he escaped. The trial court sentenced defendant to concurrent maximum terms for the aggravated robbery and aggravated assault convictions and one of the burglary convictions and to a consecutive maximum term for the escape, but did not impose a sentence for the remaining burglary conviction. On this appeal from judgment of conviction defendant contends that the trial court violated Minn.St. 609.035 in sentencing him and that the evidence was legally insufficient to support the robbery convictions.

Defendant escaped from prison on the morning of May 20, 1977, and hid in several outdoor places until the evening of May 21, when he unlawfully entered the house of a Stillwater couple after he observed them leave for a party. Defendant used the house as his own and took a number of items. When the owners returned shortly after midnight defendant greeted them with a loaded shotgun which he had found in the house and by threatening force compelled their acquiescence in the taking of their money and other items. After tying up one of the two, defendant had the other drive him to Minneapolis, where he freed her. Defendant was arrested a few hours later.

■ There is no merit to defendant's contention that there was legally insufficient evidence to support the robbery convictions.

■ Defendant's other contention is that the trial court violated Minn.St. 609.035 in sentencing him. Section 609.035 provides:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution which shall be stated in separate counts."

Defendant contends that all of the offenses arose from the same behavioral incident, all of the other offenses being in furtherance of the escape. Admitting that the statute specifically exempts burglary and that he could be sentenced for two more offenses because there were two victims—see, *State v. Briggs,* 256 N.W.2d 305 (Minn.1977)—defendant agrees that he was properly sentenced for the burglary and the two aggravated robberies. However, he contends that the other sentences, the consecutive one for escape and the concurrent ones for assault, should be vacated.

The state agrees that the sentences for the two aggravated assault convictions should be vacated but contends that it was proper to sentence defendant for the escape conviction as well as for the other three offenses (burglary and two robberies).

We agree with the state that it was proper to sentence defendant for the escape conviction and that the sentence should not be vacated. Undoubtedly the motivation to be free and remain free underlaid both defendant's escape and the subsequent crimes he committed, but as the state points out, the subsequent crimes were substantially separated in time and place from the crime of escape and in no way were they necessary to the escape or to staying out of prison. Further, as the state argues, the "victims" of the crime of escape differed from the victims of the robbery. Defendant's escape on the 20th caused considerable disruption at the prison and probably some fear on the part of some Stillwater residents, whereas his subsequent crimes on the night of the 21st and morning of the 22nd were against two specific individuals. Under all the circumstances, we do not believe that the letter or the spirit of § 609.035 was violated by defendant's consecutive sentence on the escape count in addition to the three concurrent sentences arising out of the subsequent events.

Defendant's convictions are affirmed but his sentences for the two aggravated assault convictions are vacated.