**STATE of Minnesota, Respondent,**

v.

**William E. WHITE, Petitioner, Appellant.**

**No. 50350.**

Supreme Court of Minnesota.

April 25, 1980.

Walter E. Sawicki, Jr., St. Paul, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Kenneth W. Saffold, Sp. Asst. Atty. Gen., St. Paul, Kenneth A. Sandvik, City Atty., Two Harbors, for respondent.

SHERAN, Chief Justice.

Defendant, after a jury trial in county court, was found guilty of charges of reckless driving and disorderly conduct—Minn. Stat. §§ 169.13, subd. 1, and 609.72, subd. 1(3) (1978)—and not guilty of charges of driving while under the influence and simple assault. The trial court stayed imposition of sentence pending the outcome of defendant's appeal. Defendant's appeal to the district court raised the same basic issues which defendant raises in this court: the sufficiency of the evidence and the propriety of the trial court's refusal to sever the nontraffic charges from the traffic charges for trial. The three-judge district court panel affirmed the judgment of conviction. Thereafter defendant sought and obtained permission to appeal to this court. We affirm.

Police officers observed defendant recklessly spinning his pickup truck numerous times in a short period of time early one morning on a slippery street in downtown Two Harbors and, after seeing defendant park his truck in a traffic lane, leaving the engine running, followed him into a bar. Defendant at first refused to come outside and talk with the officers about his driving and, using vulgar language, put up his clenched fists and threatened to knock the officers down if they tried to take him outside. We hold that this evidence was sufficient to support the guilty verdicts. The evidence as to defendant's driving

showed that he drove recklessly in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property. *State v. Bolsinger*, 221 Minn. 154, 21 N.W.2d 480 (1946). The evidence that defendant used "fighting words" and raised his fists was sufficient to establish that defendant committed disorderly conduct. *See In the Matter of the Welfare of S.L.J.*, 263 N.W.2d 412 (Minn.1978).

■ Defendant's only other contention is that the trial court erred in refusing to sever the nontraffic offenses from the traffic offenses for trial. Minn.R.Crim.P. 17.03 subd. 1, provides for limited joinder of offenses, stating that "When the defendant's conduct constitutes more than one offense, each such offense may be charged in the same indictment or complaint in a separate count." The comments to the rule state that it adopts the provisions of Minn.Stat. § 609.035 (1978) as to when offenses arise from a single course of conduct. Here the state was clearly justified in joining the offenses in one complaint in order to protect itself from any later claim of multiple prosecutions contrary to § 609.035. *State v. Knight*, 260 N.W.2d 186 (Minn.1977); *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966). In determining whether to grant defendant's request for severance of these offenses the trial court had to determine whether the offenses arose from a single

behavioral incident and, if so, whether severance was nonetheless needed to promote a fair determination of defendant's guilt or innocence of each offense. Since the allegations indicated that the nontraffic offenses were a result of a continuous course of conduct occurring within a period of about 10 or 15 minutes and were committed in part to avoid having to face responsibility for the alleged traffic offenses, we conclude that the trial court reasonably concluded that the offenses were all a part of a single course of conduct. Notwithstanding this determination the trial court could have ordered severance if it had determined that severance was needed to promote a fair determination of defendant's guilt or innocence of each offense. *See* ABA Standards for Criminal Justice, *Joinder and Severance* § 2.2 (1968). However, severance was not needed to assure defendant a fair trial in this case and, indeed, our analysis of the record satisfies us that defendant was not prejudiced by the denial of severance.

Affirmed.