STATE of Minnesota, Respondent,

v.

Mark Alan BOLEY, Appellant.

No. 51395.

Supreme Court of Minnesota.

Nov. 21, 1980.

---

C. Paul Jones, Public Defender and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, St. Paul, Paul G. Morreim, County Atty., Albert Lea, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of charges of attempted burglary, Minn.Stat. §§ 609.17, subds. 1 and 4(2), and 609.58, subd. 2(3) (1978), and escape from custody, Minn.Stat. § 609.485, subds. 2(1) and 4(1) (1978). At the sentencing hearing defendant argued that the two offenses were part of the same behavioral incident and that therefore, under Minn. Stat. § 609.035 (1978), the court could sentence him for only one of the two offenses. The trial court disagreed and imposed two sentences, one for 2½ years for the attempt, one for 5 years for the escape, the sentences to run concurrently. This appeal followed, raising the sole issue of the propriety of the double sentencing. Although the issue is close, we agree with defendant that the offenses were part of the same behavioral incident and that therefore the shorter of the two sentences should be vacated.

Defendant did not order a transcript of the trial, but the parties agree on the following facts: that an armed off–duty officer in civilian clothing, while riding his bicycle home, spotted an attempted burglary of a liquor store in progress, that he identified himself and arrested the two men attempting the burglary, instructing them to walk with him to the police station, and that as they were walking one of the two men, defendant, ran away, only to be captured later after his accomplice gave the police his name.

Minn.Stat. § 609.035 (1978) provides:

Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

■ The statute contains two protections, one against serialized prosecution, the other against multiple punishment. We are concerned with the protection against multiple punishment. Multiple punishment refers not to multiple convictions but multiple sentences and any multiple sentences, including concurrent sentences, are barred if section 609.035 applies. *State v. Hagen,* 275 N.W.2d 49 (Minn.1979).

Minn.Stat. § 609.585 (1978), which is referred to in section 609.035 as an exception, provides:

A prosecution for or conviction of the crime of burglary is not a bar to conviction of any other crime committed on entering or while in the building entered.

The other exception upholds multiple sentences if there were multiple victims, so long as the multiple sentences seem commensurate with the defendant's increased culpability and do not unfairly exaggerate the criminality of the defendant's conduct. *See for example State v. Rieck,* 286 N.W.2d 724 (Minn.1979), and *State v. Briggs,* 256 N.W.2d 305 (Minn.1977).

■ The approach which we have followed under section 609.035 in determining whether nonintentional crimes or a mixture of nonintentional and intentional crimes were part of the same course of conduct is to analyze the facts and determine whether the offenses "[arose] out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coin-

cident errors of judgment." *State v. Sailor,* 257 N.W.2d 349, 352 (Minn.1977); *State v. Johnson,* 273 Minn. 394, 405, 141 N.W.2d 517, 525 (1966). The approach used in determining whether two or more intentional crimes were part of the same course of conduct is to focus on the factors of time and place and also to consider whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective. *State v. Johnson, supra.*

There are a number of prior cases of this court which have some potential relevance to this case, including *State v. White,* 292 N.W.2d 16 (Minn.1980) (defendant committed act of reckless driving, which was observed by officer, who followed defendant into bar; in bar defendant committed act of disorderly conduct in part to avoid having to face responsibility for the reckless driving; held, disorderly conduct was part of same behavioral incident as the traffic offense); *State v. Armell,* 281 N.W.2d 709 (Minn.1979) (held proper for trial court to sentence defendant for escape as well as for crimes [a burglary and robberies of two people] committed during the escape where the subsequent crimes were substantially separated in time and place from the crime of escape and were not necessary to the

escape or to staying out of prison); and *State v. Finn,* 295 Minn. 520, 203 N.W.2d 114 (1972) (offense of driving recklessly was part of same behavioral incident as offense of using a vehicle without authorization where both violations occurred during continuous and uninterrupted course of driving and defendant drove recklessly to avoid police apprehension on the other charge). In the final analysis, however, each case must be decided on its own facts.

If defendant had been booked and the escape had been separated substantially in time and place from the attempted burglary then we could easily hold the two offenses divisible. But here the offenses occurred within minutes of each other and in the same general area of each other. Under the circumstances we hold that the offenses were part of the same behavioral incident.[1]

Convictions affirmed; sentence for attempted burglary vacated.

---

1. Our decision should not be interpreted as encouraging arrested suspects to escape from custody on the thought that they might not be apprehended again and that if they are they will not be punished for the escape. First, our opinion is meant to apply only to the facts of this case, where the escape occurred literally on the scene and within moments of the com-

mission of the attempted burglary. Second, defendant in fact was punished more than he would have been if he had not escaped from custody because the sentence for the attempt would only have been 2½ years; instead, since defendant escaped, he faces a 5–year term in prison.