**CITY OF FERGUS FALLS, Respondent,**

v.

**Timothy Raymond SPORRE,
petitioner, Appellant.**

**No. 51388.**

Supreme Court of Minnesota.

Jan. 9, 1981.

---

Arveson, Donoho, Lundeen, Hoff, Svingen & English and R. Kristian Svingen, Fergus Falls, C. Paul Jones, Public Defender, Minneapolis, Robert L. Russell, Spec. Asst. State Public Defender, Fergus Falls, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Nycklemoe, Nycklemoe & Ellig, Van R. Ellig and David H. Nycklemoe, Fergus Falls, for respondent.

SIMONETT, Justice.

This appeal by defendant, with leave of this court, is from a split decision of a three–judge appellate panel of the district court reversing an order of the county court which granted defendant's motion to dismiss a prosecution for careless driving on the ground that it was barred by the prohibition in Minn.Stat. § 609.035 (1978) against serialized prosecution of multiple offenses arising from a unitary course of conduct. We reverse the district court's order.

The incident out of which the prosecutions arose occurred on the afternoon of September 8, 1979, when defendant allegedly drove his father's car carelessly through the streets of Fergus Falls, had an accident, and then immediately left the scene of the accident at a high speed.

Defendant was originally charged with driving an uninsured vehicle, Minn.Stat. § 65B.67, subd. 3 (1978), and leaving the scene of an accident, Minn.Stat. § 169.09 (1978). Defendant subsequently appeared in county court and pleaded guilty to the charge of leaving the scene of an accident. The trial court imposed a $100 fine. The prosecutor then informed the court that defendant had satisfactorily established that the car he was driving was insured and that he would therefore dismiss that charge. That charge eventually was dismissed.

Thereafter the prosecutor issued a new complaint charging defendant with careless driving, Minn.Stat. § 169.13, subd. 2. (1978).

We hold that the county court properly dismissed this second prosecution on the ground that it was barred by Minn.Stat. § 609.035 (1978). In doing so, we are

squarely within past decisions of this court. *See State v. Boley*, 299 N.W.2d 924 (Minn. 1980), filed November 21, 1980; *In the Matter of the Welfare of Castillo*, 293 N.W.2d 839 (Minn.1980); *State v. White*, 292 N.W.2d 16 (Minn.1980); *State v. Finn*, 295 Minn. 520, 203 N.W.2d 114 (1972); and *State v. Corning*, 289 Minn. 382, 184 N.W.2d 603 (1971).

 Here the offenses occurred during a continuous and uninterrupted course of driving and the offense of leaving the scene of the accident was apparently motivated primarily by defendant's belief that his prior driving conduct had caused the accident. If a prosecutor has any doubt as to whether two or more offenses are part of the same behavioral incident, the prosecutor should join the offenses in a single prosecution. If the prosecutor had done this, the problem here presented would have been avoided. *City of Moorhead v. Miller*, 295 N.W.2d 548 (Minn.1980).

Reversed.