**STATE of Minnesota, Respondent,**

v.

**Melvin E. GILBERTSON, Petitioner, Appellant.**

**No. 81–1218.**

Supreme Court of Minnesota.

Aug. 31, 1982.

---

811

Douglas P. Merritt, Asst. County Public Defender, Duluth, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William P. Dinan, City Atty., and David J. Malban, Asst. City Atty., Duluth, for respondent.

1. The approach which we have used in deter-

KELLEY, Justice.

Defendant was charged in Minnesota with a number of traffic offenses arising out of a police chase which began in Superior, Wisconsin, and ended in Duluth, where defendant abandoned his car and fled on foot. He subsequently pleaded guilty in county court to driving after suspension, reckless driving and fleeing a police officer. Defendant stated at the time that his intent during the entire chase was to avoid being caught by the police. Over defense objection, the trial court sentenced defendant to consecutive terms of 90 days for the offenses of driving after suspension and reckless driving and to a suspended sentence of $300 for the offense of fleeing the police. The district court appeal panel vacated the latter sentence but affirmed the consecutive sentences for the driving after suspension and the reckless driving. We remand for vacation of one of the jail sentences.

Minn.Stat. § 609.035 (1980) provides:

[I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

■ The approach which we have followed under section 609.035 in determining whether nonintentional crimes or a mixture of nonintentional and intentional crimes were part of the same course of conduct is to analyze the facts and determine whether the offenses "[arose] out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *State v. Sailor*, 257 N.W.2d 349, 352 (Minn.1977) (citations omitted); *State v. Johnson*, 273 Minn. 394, 405, 141 N.W.2d 517, 525 (1966).[1]

mining whether two or more intentional crimes

The state cites *State v. Reiland*, 274 Minn. 121, 142 N.W.2d 635 (1966), as justifying the multiple sentencing in this case. However, in that case the act of criminal negligence resulting in death had no relationship to the act of driving after revocation other than the fact that the negligent act was committed while defendant was driving after revocation.

As *Reiland* and other cases make clear, the decision of each case depends on the facts and circumstances of the case. We recently explained this as follows in *State v. Zuehlke*, 320 N.W.2d 79, 82 (Minn.1982):

> That there is a factual nature to the determination by the trial court—something which we explicitly recognized in *State v. Kemp*, 305 N.W.2d 322, 326 (Minn.1981)—is illustrated by considering the case of *State v. Finn*, 295 Minn. 520, 203 N.W.2d 114 (1972), where we held that the offense of driving recklessly was part of the same behavioral incident as the offense of using a vehicle without authorization where both violations occurred during a continuous and uninterrupted course of driving and the defendant drove recklessly in order to avoid police apprehension on the other charge. If the facts had been a little different and Finn's reckless driving had not been for the purpose of avoiding apprehension on the charge of unauthorized use, the result might have been different.

 The state has the burden of establishing that the offenses were not part of a single behavioral incident. *State v. Zuehkle, supra.* Here, by the time defendant entered Minnesota the chase was on and, as defendant testified, he continued fleeing for the same reason he started, namely, because he wanted to avoid being apprehended. Stated differently, the defendant drove recklessly in Duluth in order to avoid being apprehended for driving after suspension and for whatever offense he committed before Wisconsin police first decided to try stop him.

were part of the same course of conduct is to focus on the factors of time and place and also to consider whether the segment of conduct

 Thus, *Finn* and analogous cases, *see, e.g., State v. Boley*, 299 N.W.2d 924 (Minn. 1980), *In the Matter of the Welfare of Castillo*, 293 N.W.2d 839 (Minn.1980), and *State v. White*, 292 N.W.2d 16 (Minn.1980), apply and bar the multiple sentencing. Accordingly, we reverse the district court's decision upholding the multiple sentencing and remand the case to the trial court for vacation of one of the sentences.

Remanded.

involved was motivated by an effort to obtain a single criminal objective. *State v. Johnson, supra.*