STATE of Minnesota, Respondent,

v.

David BEITO, Appellant.

No. C2–82–957.

Supreme Court of Minnesota.

April 22, 1983.

Steenson, Minnesota No-Fault Automobile Insurance, at 139–40 (1982).

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., and Sue Halverson, Sp. Asst. Atty. Gen., St. Paul, John F. Corbey, County Atty., Mankato, for respondent.

SCOTT, Justice.

Defendant was charged with escape from custody, theft, and unauthorized use of a motor vehicle. Minn.Stat. §§ 609.485, 609.-52, subd. 2(1), 2(5)(a), 609.55 (1980). Defendant waived his right to a trial by jury and was tried by the trial court in a bifurcated trial. The trial court found defendant guilty of escape and theft. The court ruled that defendant had not met his burden of proving that he was not guilty by reason of mental illness. The court revoked a stay of execution of a previously imposed indeterminate 5-year prison term for theft, and sentenced defendant to a determinate term of 18 months for the current theft conviction and 1 year and 1 day for the escape conviction, with the two terms running concurrently with each other and with the previously imposed term. Defendant appeals from the judgment of conviction. He argues first that the court erred in finding that he did not meet his burden of proving that he was not guilty by reason of mental illness. He also argues that the evidence was insufficient to establish either escape from custody or theft. Finally, he argues that under section 609.035 it was improper to sentence him, even concurrently, for both the escape and the theft, since both convictions were committed as part of

a single behavioral incident. We affirm defendant's convictions but vacate the sentence for the escape conviction.

The state's evidence established that, while on work release in connection with a probationary jail term he was serving, defendant took a truck owned by the City of Mankato and drove to Altoona, Iowa, where he abandoned it in a parking lot, hiding the keys under one of the front tires. Defendant then hitchhiked the rest of the way to Colorado, which was his destination.

1. Defendant's first contention is that the evidence mandated a verdict of not guilty by reason of mental illness.

In *State v. Hoskins,* 292 Minn. 111, 193 N.W.2d 802 (1972), we upheld a conviction against a similar challenge even though defendant produced expert testimony of mental illness and the state produced no expert testimony in rebuttal at trial.

Here the two defense psychiatrists felt that defendant was mentally ill in the sense in which psychiatrists and psychologists use the term. They also believed that defendant did not feel that he was doing anything morally wrong. One of them believed that

defendant knew at the time that what he was doing was against the law and the other did not feel that way. The state's expert apparently did not even believe that defendant was mentally ill in the psychiatric sense.

■ We hold that the trial court was not compelled to find defendant not guilty by reason of mental illness. In fact, we believe that the trial court could have completely relied on the testimony of one of the defense experts and still have found defendant guilty as charged. In addition to the psychiatric testimony of that expert and the state's expert that defendant knew that his act violated the law, the court also could rely on other, nonexpert testimony indicating that defendant knew that what he was doing was illegal.

2. Defendant also attacks the sufficiency of the evidence to establish the escape and the theft.

(a) His argument with respect to escape is that the 1980 version of the statute, which is the one that applies to him, does not cover his conduct.[1] Defendant concedes

---

1. Minn.Stat. § 609.485 (1980) provided:
Subdivision 1. Definition. "Escape" includes departure without lawful authority and failure to return to custody following temporary leave granted for a specific purpose or limited period.
Subd. 2. Acts prohibited. Whoever does any of the following may be sentenced as provided in subdivision 4:
(1) Escapes while held in lawful custody on a charge or conviction of a crime; or
(2) Transfers to another, who is in lawful custody on a charge or conviction of a crime, or introduces into an institution in which the latter is confined, anything useable in making such escape, with intent that it shall be so used; or
(3) Having another in his lawful custody on a charge or conviction of a crime, intentionally permits him to escape.
Subd. 3. Exceptions. This section does not apply to a person who is free on bail or who is on parole or probation, or subject to a stayed sentence or stayed execution of sentence, unless he has been taken into actual custody upon revocation of the parole, probation, or stay of the sentence or execution of sentence.
Subd. 4. Sentence. Whoever violates this section may be sentenced as follows:

(1) If the person who escapes is in lawful custody on a charge or conviction of a felony, to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both.
(2) If such charge or conviction is for a gross misdemeanor, to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both.
(3) If such charge or conviction is for a misdemeanor, to imprisonment for not more than 90 days or to payment of a fine of not more than $300, or both.
(4) If the escape was effected by violence or threat of violence against a person, the sentence may be increased to not more than twice those permitted in clauses (1), (2), and (3).
(5) Unless a concurrent term is specified by the court, a sentence under this section shall be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when he escaped.
The 1982 version of subdivision 3 differs. It provides as follows:
Subd. 3. Exceptions. This section does not apply to a person who is free on bail or who is on parole or probation, or subject to a stayed sentence or stayed execution of sen-

that his conduct would have been in violation of the 1982 version of the statute but argues that it was not in violation of the 1980 version.

■ In our opinion, conduct such as defendant's conduct has been covered by subdivisions 1 and 2 all along. The only issue is whether the former subdivision covering the exceptions applied to defendant. Defendant's argument is that it did apply because he was technically on probation at the time and, although he was in custody, that custody was not "upon revocation of" the probation. This overlooks the fact that the exception was adopted at a time when there was apparently no such thing as probationary jail time. The comment by Professor Pirsig indicates that the purpose of the statute was to make it clear that the crime of escape applies only to those who are in actual custody at the time rather than those merely under custodial supervision. 40 M.S.A. at 431. There was no need for the subdivision to distinguish between those who were on straight probation and those whose probation was conditioned on serving time in jail because there apparently was no authority to require the service of probationary jail time. It was not until 1978 that the legislature added subdivision 4 to Minn. Stat. § 609.135 authorizing the court to impose jail time as a condition of probation. Of course, at that time the legislature should have clarified subdivision 3 of section 609.485, but the legislature did not do that until 1982.

If the definition of "escape" in subdivision 1 of section 609.485 had not covered defendant's conduct, then the defendant clearly could not be convicted of escape. But the definitional subdivision did cover defendant's conduct. The confusion is created instead by the exception subdivision. Since the gist of the exception is that persons not in actual custody are excepted from the statute, the 1982 amendment should be viewed merely as a clarifying or interpretative amendment, not as one that

changes the law that existed before. *Cf. State v. Knox,* 311 Minn. 314, 250 N.W.2d 147 (1976) (inmate on medical parole to security hospital is not on "parole" within the meaning of word "parole" as that term is used in the exception subdivision).

(b) Defendant's next contention is that the state failed to prove theft, as opposed to unauthorized use of a motor vehicle.

■ Unauthorized use of a motor vehicle is committed when a defendant intentionally takes or drives a motor vehicle without the consent of the owner or his agent. Theft is committed when a defendant takes movable property "with intent to deprive the owner permanently of possession," section 609.52, subd. 2(1), or takes it "with intent to exercise temporary control only" and the "control exercised manifests an indifference to the rights of the owner or the restoration of the property to him," section 609.52, subd. 2(5)(a).

■ Thus, the taking of a motor vehicle becomes theft when the taker has an intent to appropriate the property or where in taking it he displays an indifference to the rights of the owner or the restoration of the property to the owner. As stated in the comments to section 609.55, the typical case covered by section 609.55 is when a person takes a car on the street, drives it around for a short time, then leaves it for the owner to find.

Unauthorized use is an offense carrying a maximum prison term of 3 years; it is a severity level I offense under the Sentencing Guidelines. The penalty for theft depends on the value of the property taken. Theft over $2,500 carries a maximum of 10 years in prison; it is a severity level IV offense under the Sentencing Guidelines.

It is arguable that the state's evidence would not support an inference that defendant intended to permanently deprive the owner of possession of the truck. However, we need not decide that issue because it is clear that defendant's conduct manifested

---

tence, unless he (1) has been taken into actual custody upon revocation of the parole, probation, or stay of the sentence or execution of sentence, or (2) is in custody in a county jail or workhouse as a condition of a stayed sentence.

an "indifference" to the rights of the owner or the restoration of the property to the owner. Under the circumstances, the evidence was sufficient to support a theft conviction even if defendant did not have an intent to permanently deprive the owner of possession of the truck.

3. The final issue is whether the escape and the theft were both committed as part of a single behavioral incident; if so, the court violated Minn.Stat. § 609.035 (1982) in sentencing defendant for both offenses.

Minn.Stat. § 609.035 (1982) provides:

Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

Cases which are particularly relevant in applying the statute in this case are *State v. Boley,* 299 N.W.2d 924 (Minn.1980), and *State v. Armell,* 281 N.W.2d 709 (Minn. 1979). In *Boley* the defendant was caught in the act of attempted burglary and on the way to the police station he escaped from the arresting officer. We ruled that the two offenses were part of a single behavioral incident. In *Armell* the defendant escaped from prison and the next day burglarized a house and robbed the two occupants when they returned. We held that the escape did not arise from the same behavioral incident as the other offenses because those offenses were separated substantially in time and place from the escape and were not necessary to the escape or to staying out of prison.

The state argues that the escape in this case was complete when defendant left his work-release place of employment and did not return to jail. It also argues that defendant could have left town in any number of lawful ways without stealing a truck. On the other hand, the defendant argues that his escape was not really effectively complete until he left town and that the

purpose of taking the truck was to facilitate leaving town. In this respect, see *State v. Koonsman,* 281 N.W.2d 487 (Minn. 1979), and *State v. Prudhomme,* 303 Minn. 376, 228 N.W.2d 243 (1975), cases indicating that kidnapping and rape are part of a single behavioral incident where the kidnapping is committed for the purpose of facilitating the rape.

In the final analysis, whether or not two offenses are part of a single behavioral incident depends upon the unique facts of the case. *State v. Zuehlke,* 320 N.W.2d 79, 82 (1982). In this case, it seems clear that in defendant's mind the two offenses were closely related. That fact and the fact that the taking of the truck facilitated defendant's escape convince us that the two offenses should be deemed to have been committed as part of a single behavioral incident.

Accordingly, the lesser of the two sentences is vacated pursuant to section 609.-035.

Both convictions affirmed; sentence for escape vacated.