STATE of Minnesota, Respondent,

v.

Richard Allen DAHLE, Appellant.

No. C3-88-1208.

Court of Appeals of Minnesota.

Sept. 13, 1988.

Review Denied Oct. 26, 1988.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Ramsey Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by KALITOWSKI, P.J., and NIERENGARTEN, and HACHEY, JJ.*, without oral argument.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a forty-one month executed sentence after conviction for exercising temporary control over a motor vehicle in violation of Minn.Stat. § 609.52, subds. 2(5)(a), 3(4)(f) (Supp.1987). The appellant contends his "temporary theft" is a severity level II or III offense under the

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

sentencing guidelines and asserts he is entitled to a reduction of his sentence. We affirm.

## FACTS

Appellant Richard Dahle was arrested in October 1987 and charged with unauthorized use of a motor vehicle. He also was charged with theft of a motor vehicle with intent to exercise temporary control and fleeing a police officer in a motor vehicle. The jury found Dahle guilty on all three counts; the district court subsequently vacated the guilty verdicts on the charges of unauthorized use of a motor vehicle and fleeing a peace officer in a motor vehicle.

At the sentencing hearing Dahle's attorney noted Minn.Stat. § 609.52, subd. 3 (1986) recently was amended. He suggested there was some confusion about whether "temporary theft" of a motor vehicle was a severity level IV offense under the sentencing guidelines. Dahle's attorney asserted the forty-one month recommended sentence was "extremely severe" and suggested Dahle's theft conviction should be categorized as a severity level II or III offense. The court recognized there was some confusion about the severity level of the offense under the sentencing guidelines and the amended statute, but concluded "temporary theft" of a motor vehicle is a severity level IV offense and sentenced Dahle to a forty-one month executed sentence. Dahle appeals.

## ISSUE

Did the district court err by concluding "temporary theft" of a motor vehicle is a severity level IV offence and sentencing the appellant to a forty-one month executed sentence?

## ANALYSIS

Under Minnesota's sentencing guidelines, "theft" and "theft-related" crimes are classified as severity level II, III, or IV offenses, depending on the value of the stolen property. *See* Minnesota Sentencing Guidelines IV, V, *reprinted in Minnesota Rules of Court* 314, 317–20 (West 1987) (Sentencing Guidelines Grid; Offense Se-

verity Reference Table). "Temporary Theft" under Minn.Stat. § 609.52, subd. 2(5) (1986) was classified as a severity level II or III offense under the guidelines. *See id.*

Effective August 1, 1987, an amendment of Minn.Stat. § 609.52, subd. 3 made theft of motor vehicles punishable by imprisonment for up to five years. *See* Minn.Stat. § 609.52, subd. 3(4)(f) (Supp.1987). The sentencing guidelines subsequently were modified to reflect the statutory amendment and "Theft of a Motor Vehicle" under Minn.Stat. § 609.52, subd. 3(4)(f) was classified as a severity level IV offense. *See* Minnesota Sentencing Guidelines V, *reprinted in Minnesota Rules of Court* (West 1988) (Offense Severity Reference Table). Although the guidelines still distinguish severity levels of theft and theft-related offenses according to the value of the stolen property, the guidelines do not establish different severity levels for thefts if the stolen property was a motor vehicle; the guidelines simply state that theft of a motor vehicle in violation of section 609.52, subdivision 3(4)(f) is a severity level IV offense. *See* Minnesota Sentencing Guidelines Appendix (numerical reference of felony statutes).

Dahle asserts his severity level IV sentence is improper and makes the following argument: the guidelines still distinguish between "theft" and "theft-related" crimes and still classify "temporary theft" as a severity level II or III offense; he was convicted of a "temporary theft"; his offense was a "theft-related" offense; therefore, his sentencing should reflect either a severity level II or III sentence, depending on the value of the motor vehicle. Dahle asserts in his brief: "Had the Guidelines Commission intended a different result, it would have specifically assigned 'temporary theft' of a motor vehicle to a separate severity level, as it did with 'theft' of a motor vehicle." According to Dahle, the sentencing guidelines commission's failure to incorporate such a distinction "evinces its clear intent not to differentiate between 'temporary thefts' involving motor vehicles

and those involving other types of property."

We believe the inverse argument is more persuasive and logical. If the sentencing guidelines commission had intended to make a distinction between "theft" of a motor vehicle and "temporary theft" of a motor vehicle, the commission would have expressly noted the distinction and assigned different severity levels to those offenses. Presumably, the commission was aware of the various theft classifications and severity levels when it modified the guidelines to reflect the 1987 amendment of Minn.Stat. § 609.52, subd. 3. The commission expressly indicated "Theft of Motor Vehicle" under Minn.Stat. § 609.52, subd. 3(4)(f) is a severity level IV offense rather than a severity level II or III offense. *See* Minnesota Sentencing Guidelines V, Appendix (Offense Severity Reference Table; numerical reference of felony statutes).

There is no ambiguity in the guidelines with respect to Dahle's conviction and sentencing. *See State v. McGee*, 347 N.W.2d 802, 805 (Minn.1984) (ambiguities in the sentencing guidelines "should be resolved against the state and in the defendant's favor"). Dahle was convicted of a motor vehicle theft in violation of Minn.Stat. § 609.52, subd. 3(4)(f). The offense is identified as a felony and classified as a severity level IV offense by the sentencing guidelines. Accordingly, the district court did not err by sentencing Dahle to the presumptive forty-one month executed sentence. *Cf. State v. Beito*, 332 N.W.2d 645, 648–49 (Minn.1983) (theft over $2500 is a severity level IV offense under the sentencing guidelines; "the evidence was sufficient to support a theft conviction even if defendant did not have an intent to permanently deprive the owner of possession of the truck").

## DECISION

The district court did not err by sentencing the appellant to a forty-one month executed sentence. Theft of a motor vehicle in violation of Minn.Stat. § 609.52, subds.

2(5)(a), 3(4)(f) (Supp.1987) is a severity level IV offense under the sentencing guidelines.

AFFIRMED.