STATE of Minnesota, Respondent,

v.

James Darrell GIBSON, Petitioner, Appellant.

No. C1–91–1332.

Supreme Court of Minnesota.

Dec. 20, 1991.

---

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Scott A. Hersey, Isanti County Atty., Cambridge, and Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

TOMLJANOVICH, Justice.

In its decision in this case the court of appeals affirmed the use of multiple concurrent sentences for two offenses that defendant contends arose from a single behavioral incident. *State v. Gibson*, 475 N.W.2d 896 (Minn.App.1991). We agree with defendant and therefore vacate the lesser of the two sentences pursuant to Minn.Stat. § 609.035 (1990), the so-called single-behavioral-incident statute.

The offenses of conviction here are criminal vehicular operation resulting in injury and felony leaving the scene of an accident, for which defendant received concurrent terms of 23 and 15 months. The first conviction is based on defendant's involvement in a head-on collision while driving under the influence of alcohol. The second conviction is based on the fact that immediately after the accident, in which both defendant and the driver of the other vehicle were injured, defendant fled the scene on foot, went to a nearby farmhouse and called his girl friend to come and pick him up.

Minnesota Statute § 609.035 provides in relevant part that if a person's conduct "constitutes more than one offense under the laws of this state, the person may be punished for only one of such offenses." The approach we have used in determining whether two nonintentional crimes or a nonintentional and an intentional crime are part of the same course of conduct is to analyze all the facts and determine whether the offenses "[arose] out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *State v. Sailor*, 257 N.W.2d 349, 352 (Minn.1977); *see also State v. Johnson*, 273 Minn. 394, 405, 141 N.W.2d 517, 525 (1966). When both crimes are intentional crimes we focus on factors such as time and place and whether the conduct involved was motivated by an effort to obtain but one criminal objective. *State v. Johnson, supra.*

In a series of decisions—the avoidance-of-apprehension cases—we have held that multiple sentences may not be used for two offenses if the defendant, substantially contemporaneously committed the second offense in order to avoid apprehension for the first offense. *State v. Gilbertson*, 323 N.W.2d 810 (Minn.1982); *State v. Zuehlke*, 320 N.W.2d 79 (Minn.1982); *State v. Boley*, 299 N.W.2d 924 (Minn.1980); *Matter of Castillo*, 293 N.W.2d 839 (Minn. 1980); *State v. White*, 292 N.W.2d 16 (Minn.1980); *State v. Finn*, 295 Minn. 520, 203 N.W.2d 114 (1972).[1]

Here the defendant committed the felonious act of leaving the scene of an accident in part to avoid being apprehended for any crime committed in connection with the accident. Accordingly, we vacate the lesser of the two sentences, the 15 month concur-

---

1. Closely related to the avoidance-of-apprehension cases are the facilitation-of-offense cases. *See State v. Naylor*, 474 N.W.2d 314 (Minn. 1991); *State v. Beito*, 332 N.W.2d 645 (Minn. 1983).

rent sentence for leaving the scene of an accident.

Affirmed in part, reversed in part.