**STATE of Minnesota, petitioner, Appellant,**

v.

**Aaron David KATES, Respondent.**

No. C3–98–1467.

Supreme Court of Minnesota.

April 27, 2000.

Michael A. Hatch, Minnesota Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, Ross E. Arneson, Blue Earth County Attorney, Mankato, for appellant.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant State Public Defender, Minneapolis, for respondent.

## OPINION

PAGE, Justice.

Respondent, Aaron David Kates ("Kates"), was charged in Blue Earth County District Court with two counts of third-degree criminal sexual conduct and two counts of fourth-degree criminal sexual conduct for an incident involving 15–year–old J.S.; one count of indecent exposure for an incident involving 16–year–old T.L.; one count of third-degree criminal sexual conduct for an incident involving 13–year–old C.L.; and one count of third-degree criminal sexual conduct for an incident involving 15–year–old T.H. The incidents involving J.S. and T.L. occurred on January 24, 1997. The incident involving C.L. occurred on May 30, 1997 and the incident involving T.H. occurred sometime in April 1997. All of the charges were joined for trial. In a pretrial motion, Kates moved pursuant to Rule 17.03, subd. 3(1)(a),[2] to sever the trial of the charges that arose from incidents involving J.S. and T.L. from the charges that arose from the incidents involving T.H. and C.L. The district court, after conducting a limited hearing, denied Kates' motion stating only that the jury would receive separate instructions and would have to determine each offense separately. The case proceeded to trial and the jury convicted Kates of one count of third-degree and one count of fourth-degree criminal sexual conduct involving J.S., and one count of third-degree criminal sexual conduct involving T.H. Kates was acquitted of all of the other charges.

The district court sentenced Kates to serve 180 days of local jail time and an 18–month stayed sentence for his conviction of third-degree criminal sexual conduct involving T.H.; and a consecutive 185 days of local jail time and an 18–month stayed sentence for his conviction involving J.S. The fourth-degree criminal sexual conduct conviction involving J.S. was vacated pursuant to Minn.Stat. § 609.035, subd. 1 (1998).

Kates appealed to the court of appeals, arguing that the district court committed prejudicial error when it failed to grant his pretrial motion to sever the trial of the charges arising out of the incidents with J.S. and T.L. from the trial of the charges arising out of the incidents with C.L. and T.H. Agreeing with Kates, the court of appeals reversed and remanded for new trials with the charges involving J.S. being tried separately from the charge involving T.H. See State v. Kates, 598 N.W.2d 693 (Minn.App.1999). The court of appeals, relying on this court's harmless error analysis in State v. Juarez, 572 N.W.2d 286 (Minn.1997), based its decision on its conclusion that the district court's error was not harmless. In doing so, the court of appeals neither acknowledged nor applied this court's decision in State v. Profit, 591 N.W.2d 451 (Minn.1999),[3] which was filed

---

**2.** Minnesota Rules of Criminal Procedure, 17.03, subd. 3(1)(a) provides:

Subd. 3. Misjoinder of offenses or charges or defendants shall not be grounds for dismissal, but on motion, offenses or defendants improperly joined shall be severed for trial.

(1) On motion of the prosecuting attorney or the defendant, the court shall sever offenses or charges if:
(a) the offenses or charges are not related[.]

**3.** In Profit, we stated that "[b]ecause our purpose on the appeal of both Spreigl and joinder issues is to determine whether the introduc-

after Kates' trial but before the court of appeals' decision. On appeal to this court, the state argues that the district court's refusal to sever the charges against Kates, while error, was harmless.

The first question we must answer is whether the district court erred when it refused to grant Kates' motion to sever the unrelated offenses, resulting in a single trial on all charges. The state concedes that the district court erred when it denied the motion to sever and therefore does not challenge the court of appeals' decision on that basis. As a result, we assume without deciding, that the district court's denial of the motion to sever the unrelated charges was error.

■ We next turn to whether the district court's erroneous decision not to sever requires reversal of the convictions. *See State v. Townsend,* 546 N.W.2d 292, 296 (Minn.1996). In *Profit,* we held that the analysis developed in *State v. Spreigl* for the admissibility of other crimes evidence is the proper framework for the evaluation of whether an erroneous failure to sever is so prejudicial that reversal is necessary. *See Profit,* 591 N.W.2d at 460–61. The court of appeals use of the *Juarez* harmless error analysis in place of the *Spreigl* balancing test we prescribed in *Profit* was error. Accordingly, we remand to the court of appeals for reconsideration in light of *Profit.*

■ Another issue implicit in this case requires comment. Although Kates did not challenge the adequacy of the jury instructions at the trial or appellate level, we have in past cases involving claims of erroneous joinder touched on that issue. *See Profit,* 591 N.W.2d at 460 (explaining that absence of *Spreigl* cautionary instructions does not negate the argument that where evidence of a charge would be admissible under *Spreigl,* its joinder is not prejudicial); *see id.* at 471–72 (Anderson, R.A., J., dissenting) (stating that cautionary instructions should be given when charges are joined); *see also State v. Knight,* 260 N.W.2d 186, 187 (Minn.1977) (rejecting argument that erroneous joinder was prejudicial in part because trial court clearly instructed the jury to treat offenses separately). Because the issue was not raised by the defendant here and because we remand on the issue of prejudicial error in the refusal to sever, we do not address or decide the adequacy of the jury instructions given in this case. We do, however, take this opportunity to announce a new rule, to be applied prospectively to cases arising on or after the date of the filing of this opinion, requiring that for trial of all offenses joined under Minn. R.Crim. P. 17.03, subd. 1, the jury must be instructed to consider each of the charges separately.[4]

Reversed and remanded.

PAUL H. ANDERSON, J. (concurring specially).

I concur in the result reached by the majority, but, unlike the majority, I would

---

tion of evidence of other crimes at trial was prejudicial, the analysis we have developed for *Spreigl* evidence serves as a useful framework for evaluating the possible prejudicial effect of improperly joining offenses." 591 N.W.2d at 461.

4. *See* e.g. *Eighth Circuit Manual of Model Jury Instructions,* Criminal.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged.

Keep in mind that each count charges a separate crime. You must consider each

count separately, and return a separate verdict for each count.

*Eighth Circuit Manual of Model Jury Instructions,* Criminal, 3.06 (West 1996). *See also* 1 Edward J. Devitt et al., *Federal Jury Practice and Instructions* § 12.12 (4th ed.1992) which reads: "A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find [the] defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged."

not use the occasion of this opinion to announce a new rule on jury instructions. As the majority points out, this issue was not raised by the defendant and thus not argued on appeal. I would leave resolution of this issue to either a genuine case or controversy or for consideration by the Minnesota District Judges Association Committee on Criminal Jury Instruction Guides.