**STATE of Minnesota, Respondent,**

**v.**

**Andrea Lee ST. JOHN, Appellant.**

**No. A13–1175.**

Court of Appeals of Minnesota.

May 19, 2014.

Lori Swanson, Attorney General, St. Paul, MN; and Brian J. Melton, Clay County Attorney, Heidi Davies, Chief Assistant County Attorney, Moorhead, MN, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Shacka, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; PETERSON, Judge; and RANDALL, Judge.*

## OPINION

PETERSON, Judge.

Appellant driver challenges her conviction of second-degree driving while impaired (refusal to submit to chemical test), arguing that the district court erred by (1) ruling that third-degree driving while impaired (under the influence of alcohol) is a lesser included offense of the second-degree driving-while-impaired offense; and (2) adjudicating her guilty of, and imposing

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

a sentence for, the second-degree driving-while-impaired offense. We reverse in part and remand.

## FACTS

During the early morning of November 13, 2012, a Moorhead police officer stopped appellant Andrea Lee St. John's vehicle because its headlights were not on. The officer smelled alcohol on St. John's breath and asked her to perform field sobriety tests, which she failed; she also failed a preliminary breath test. The officer arrested St. John on suspicion of driving under the influence of alcohol, took her to the county jail, and read her the implied-consent advisory. St. John refused to submit to chemical testing.

St. John was charged with two counts of driving while impaired (DWI): second-degree DWI (refusal to submit to chemical test) in violation of Minn.Stat. §§ 169A.20, subd. 2, .25, subd. 1(b) (2012); and third-degree DWI (under the influence of alcohol) in violation of Minn.Stat. §§ 169A.20, subd. 1(1), .26, subd. 1(a) (2012). Under the impaired-driving code, refusal to submit to a chemical test is a second-degree DWI offense when "one aggravating factor was present when the violation was committed," Minn.Stat. § 169A.25, subd. 1(b),[1] and driving under the influence is a third-degree DWI offense when "one aggravating factor was present when the violation was committed." Minn.Stat. § 169A.26, subd. 1(a). Both offenses are gross misdemeanors. Minn.Stat. §§ 169A.25, subd. 2, .26, subd. 2 (2012).

St. John pleaded guilty to both charges. The district court accepted the pleas and found St. John guilty of both offenses. Defense counsel argued that St. John could be convicted of either offense, but not both, and the district court agreed. St. John requested that she be sentenced on the third-degree driving-under-the-influence offense. The district court determined that third-degree driving under the influence is a lesser included offense of second-degree test refusal and imposed a sentence only on the test-refusal offense. The district court dismissed the charge for driving under the influence. This appeal followed.

## ISSUES

1. Is third-degree DWI (under the influence of alcohol) an included offense of second-degree DWI (refusal to submit to chemical test)?

2. When appellant pleaded guilty to second-degree DWI (refusal to submit to chemical test) and third-degree DWI (under the influence of alcohol), should she have been adjudicated guilty of and sentenced for only the second-degree DWI offense?

## ANALYSIS

When a sentencing challenge is based on a legal issue, our review is de novo. *State v. DeRosier*, 719 N.W.2d 900, 903 (Minn. 2006). This court may "determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn.Stat.

---

1. An "aggravating factor" is defined to include "a qualified prior impaired driving incident within the ten years immediately preceding the current offense." Minn.Stat. § 169A.03, subd. 3(1) (2012). A "qualified prior impaired driving incident" is defined to "include[ ] prior impaired driving convictions and prior impaired driving-related losses of license." *Id.*, subd. 22 (2012). In 2007, appellant was convicted of impaired driving for refusing to submit to a chemical test. This conviction is an aggravating factor for both charged offenses.

§ 244.11, subd. 2(b) (2012). We can "dismiss or affirm the appeal, vacate or set aside the sentence imposed or stayed and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct." *Id.*

## I.

 In Minnesota, a person "may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04, subd. 1 (2012). The supreme court has "long recognized that the 'conviction' prohibited by this statute is not a guilty verdict, but is rather a formal adjudication of guilt. In other words, a conviction occurs only after the district court judge accepts, records, and adjudicates the jury's guilty verdict." *Pierson v. State,* 715 N.W.2d 923, 925 (Minn.2006) (quotation omitted). Also, under the criminal code, " '[c]onviction' means any of the following accepted and recorded by the court: (1) a plea of guilty; or (2) a verdict of guilty by a jury or a finding of guilty by the court." Minn.Stat. § 609.02, subd. 5 (2012). Thus, when appellant pleaded guilty to both second-degree test refusal and third-degree driving under the influence, the district court was prohibited from accepting, recording, and adjudicating the pleas for both offenses if either offense was an included offense of the other offense. Under the statute,

[a]n included offense may be any of the following:

(1) A lesser degree of the same crime; or

(2) An attempt to commit the crime charged; or

(3) An attempt to commit a lesser degree of the same crime; or

(4) A crime necessarily proved if the crime charged were proved; or

(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

Minn.Stat. § 609.04. An offense is not an included offense if "a person can commit the greater offense, as legally defined, without committing the lesser offense, as legally defined." *State v. Kinsky,* 348 N.W.2d 319, 326 (Minn.1984).

Appellant argues that the district court erred by concluding that her third-degree driving-under-the-influence offense is a lesser included offense of her second-degree test-refusal offense. The state concedes that the district court erred. We agree. To prove that appellant committed the third-degree driving-under-the-influence offense, it was necessary to prove that, when appellant was driving, she was under the influence of alcohol. Minn.Stat. §§ 169A.20, subd. 1(1) (defining DWI as driving, operating, or being in physical control of a motor vehicle when "the person is under the influence of alcohol"), .26, subd. 1(a) (describing third-degree DWI). But to prove that appellant committed the second-degree test-refusal offense, it was only necessary to prove that an officer had probable cause to believe that, when appellant was driving, she was under the influence of alcohol. Minn.Stat. §§ 169A.20, subd. 2 (defining refusal to submit to chemical test as refusing to submit to chemical test of blood, breath, or urine under Minn.Stat. § 169A.51), .25, subd. 1(b) (describing second-degree DWI); .51, subd. 1(b)(1) (stating that chemical test may be required when officer has probable cause to believe that person was driving in violation of Minn.Stat. § 169A.20 and person has been lawfully arrested for violating section 169A.20 (2012)). Because an officer could have probable cause to believe that a driver was under the influence of alcohol, even though the driver was not, in fact, under the influence of alcohol, a driver could commit the second-degree test-

refusal offense without committing the third-degree driving-under-the-influence offense. Thus, the third-degree offense is not an included offense of the second-degree offense, and the district court was not prohibited from convicting St. John of the third-degree offense by accepting, recording, and adjudicating her guilty plea.

This does not mean, however, that the district court should have sentenced appellant on the third-degree offense, instead of the second-degree offense, as appellant suggests. To the contrary, it means that the district court erred by dismissing the charge for driving under the influence. Because the third-degree offense was not an included offense of the second-degree offense, the district court erred by failing to accept and record the guilty pleas for both offenses and adjudicate appellant guilty of both offenses. *See State v. Lee,* 706 N.W.2d 491, 496 (Minn.2005) (stating that "clear abuse of the prosecutorial charging function must be found by the court before it may order a stay of adjudication over the prosecutor's objection").

## II.

■ But appellant may be sentenced for only one of the two offenses. Minn. Stat. § 609.035, subd. 1 (2012), provides that, "if a person's conduct constitutes more than one offense . . ., the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them." "The statute contains two protections, one against serialized prosecution, the other against multiple punishment[s]. . . . Multiple punishment[s] refers not to multiple convictions but multiple sentences and any multiple sentences, including concurrent sentences, are barred if section 609.035 applies." *State v. Boley,* 299 N.W.2d 924, 925 (Minn.1980). The purpose of the statute is "to protect

against exaggerating the criminality of a person's conduct and to make both punishment and prosecution commensurate with culpability." *State ex rel. Stangvik v. Tahash,* 281 Minn. 353, 360, 161 N.W.2d 667, 672 (1968).

In *State v. Simon,* the supreme court held that the offenses of driving under the influence and test refusal "arose from a single behavioral incident and therefore under Minn.Stat. § 609.035 [the driver] may be sentenced for only one of the two offenses." 493 N.W.2d 528, 528 (Minn. 1992). Similarly, appellant's two offenses arose from a single incident.

■ Deciding which of multiple offenses to sentence under Minn.Stat. § 609.035 is a question of law. *See State v. Kebaso,* 713 N.W.2d 317, 322–23 (Minn.2006) (applying de novo review in deciding whether immigration consequences were relevant to determination of which offense was most serious under section 609.035). "[S]ection 609.035 contemplates that a defendant will be punished for the 'most serious' of the offenses arising out of a single behavioral incident because 'imposing up to the maximum punishment for the most serious offense will include punishment for all offenses.'" *Id.* at 322 (quoting *State v. Johnson,* 273 Minn. 394, 399, 141 N.W.2d 517, 522 (1966)).

■ In determining which offense is the most serious, the district court "should compare the maximum potential sentence for each of multiple offenses." *Id.* "When multiple gross misdemeanors carry the same statutory maximum sentence, it is proper for a court to look to the nature of the offenses to determine which offense is the most serious." *Id.* at 323. This includes considering which of multiple gross misdemeanors that carry the same statutory maximum sentence "formed the essence of the behavioral incident." *Id.* In *Kebaso,* the supreme court compared the gross-

misdemeanor offenses of domestic assault and interference with a 911 call and concluded that the domestic-assault offense formed the essence of the criminal conduct and that the interference–with–a–911–call offense "was only incidental" and therefore not the more serious offense. *Id.*

■ The maximum potential sentences for appellant's two gross-misdemeanor offenses are the same. Minn.Stat. §§ 169A.25, subd.2, 169A.26, subd. 2, 609.03(2) (2012). Although one offense is designated a higher-degree offense than the other, the degree designation is not determinative. *See State v. Martinez–Mendoza*, 804 N.W.2d 1, 3 n. 1 (Minn.2011) (noting that some of the multiple offenses designated as second-degree criminal sexual conduct "are categorized as more serious conduct and carry longer presumptive sentences").

Respondent asserts that appellant is seeking to avoid sentencing on the test-refusal offense to avoid civil forfeiture of her vehicle. But respondent also acknowledges that this possible collateral consequence was beyond the control of the district court and that the supreme court concluded in *Kebaso* that this court cannot consider potential collateral consequences in deciding which offense is more serious. 713 N.W.2d at 323–24.

We conclude that third-degree driving under the influence is a more serious offense than second-degree test refusal. A person driving an automobile while under the influence of alcohol directly threatens public safety, but a driver in police custody who refuses to submit to a chemical test is not a threat to public safety. Also, appellant's driving-under-the-influence offense was the "essence" of her criminal conduct, and her test-refusal offense was "incidental." Appellant could not have committed the test-refusal offense if an officer did not first have probable cause to believe that

appellant was driving under the influence of alcohol. Therefore, the district court should have imposed a sentence for the driving-under-the-influence offense, rather than for the test-refusal offense.

## DECISION

Because third-degree DWI (under the influence) is not an included offense of second-degree DWI (refusal to submit to chemical test), the district court erred when it dismissed the third-degree driving-under-the-influence charge. The district court should have accepted and recorded the guilty pleas for both offenses and adjudicated appellant guilty of both offenses. Because third-degree driving under the influence is a more serious offense than second-degree test refusal, the district court erred by imposing sentence on the conviction for second-degree test-refusal, rather than on the conviction for third-degree driving under the influence. We, therefore, reverse appellant's sentence for second-degree test refusal, and we remand for reinstatement of appellant's guilty plea to the third-degree driving-under-the-influence charge. On remand, the district court shall accept, record, and adjudicate the reinstated guilty plea and sentence appellant for third-degree driving-under-the-influence.

**Reversed in part and remanded.**