### STATE OF MINNESOTA *vs.* WILLIAM BRECHT.

#### June 10, 1889.

**Criminal Trial—Challenge to Panel—Clerk's Testimony to Contradict Certificate.**—The certificate of the clerk of the district court to the drawing of the panel of petit jurors for a term of the court may, upon a challenge to the panel for irregularity in drawing, be contradicted by his testimony. Following *State* v. *Gut*, 13 Minn. 315, (341.)

**Same—Presumption as to Trial of Challenge.**—The challenge will be presumed to have been tried and determined on legal and sufficient evidence, unless the case or bill of exceptions show the contrary.

**Adultery—Indictment — Objection that Husband or Wife was not Complainant.**—Upon an indictment for adultery it need not be alleged in the indictment, nor proved on the trial, that the prosecution was commenced on the complaint of the husband or wife. The proper way to raise the objection that it was not, is by motion to set aside the indictment.

**Statute Making Evidence Presumptive.**—Where certain evidence is, by statute, made presumptive, and there is no evidence to remove the presumption, it is not prejudicial error to decline to instruct the jury that it is only presumptive.

**Indictment—Misnomer.**—Where a person is called in an indictment, in describing the offence, by a name other than his true name, but he is known as well by such other name as by his true name, it is not a variance.

Various unimportant assignments of error disposed of.

Defendant was tried and convicted in the district court for Good-hue county, before *McCluer*, J., on an indictment for adultery committed with Margaretha Schlichthaber, and appeals from an order refusing a new trial. The indictment did not state upon whose complaint the prosecution was instituted. At the trial it appeared that complaint was made before a justice of the peace by Frederick Schlichthaber, (husband of Margaretha,) and that after examination the defendant was discharged; and Frederick also testified that he went voluntarily before the grand jury to institute the prosecution, and still desired to prosecute his wife and the defendant.

*J. C. McClure*, for appellant.

*Moses E. Clapp*, Attorney General, and *F. M. Wilson*, for the State.

GILFILLAN, C. J. This was an indictment for adultery. The defendant challenged the panel of the petit jury, on the ground that it was illegally drawn, in this: that the clerk put only 24 instead of 72 names in the box from which to draw the jurors for the term. The certificate made by the clerk and sheriff and justice, in whose presence he drew the panel, and filed, and on which the *venire* issued, does state that 24 names were put in the box, and does not state that there were any more. If the certificate were the only admissible evidence of the manner of drawing, then it would appear conclusively that the panel was improperly drawn. But the regularity of the drawing may be proved by the testimony of the clerk or the officers present, even though it contradict the certificate. *State* v. *Gut*, 13 Minn. 315, (341.) The bill of exceptions shows that the challenge was tried and disallowed, but does not show upon what evidence it was tried; and of course it must be presumed to have been upon evidence legal and sufficient to justify the conclusion.

When the trial commenced, the defendant objected to the introduction of any evidence, on the ground that the indictment does not state facts sufficient to constitute a public offence. Under that objection the point is made that the indictment ought to allege that the prosecution was commenced on the complaint of the injured husband or wife; that the fact is jurisdictional and ought to be alleged. The objection we have stated can hardly be said to present that distinct point,

but there were other exceptions during the trial that raise the question, and it is involved more or less directly in eight or ten of the assignments of error; and so we consider it under the assignment of error based on this objection. Section 262 of the Penal Code, after defining the crime of adultery and prescribing the penalty, provides: "But no prosecution shall be commenced except on the complaint of the husband or the wife, save when such husband or wife is insane." It must be entirely apparent, the policy of the statute as to this offence being that if the parties injured choose to acquiesce in the wrong done, no one else ought to be allowed to move in the matter, that where there are two persons injured, either may complain; as, where the guilty parties are both married, the husband of the one or the wife of the other may make the complaint. This disposes of two of the assignments of error, which insist that in this case the wife of the defendant ought to have made the complaint.

The statute does not point out how the question shall be raised that the prosecution was not commenced on the complaint of the proper person. The making of the complaint is no part of the offence. The description of the offence is complete without reference to it, nor does it go to the jurisdiction either of the court or grand jury. The court has jurisdiction of any indictment, whether good or bad, rightfully or wrongfully found, if found by the proper grand jury. And the grand jury may inquire of any indictable offence alleged to have been committed within their county. If they find an indictment for such an offence in the county where, by reason of some statutory, preliminary requisite, they ought not to have found it, it is, at most, error or irregularity, but does not affect their jurisdiction. For the reason that the complaint of the proper party is not jurisdictional, nor descriptive of the offence, it is not necessary to allege it in the indictment or prove it on the trial. It does not go to the merits of the trial, but only to the regularity of the previous proceedings. At common law the objection might properly be raised by plea in abatement. Under our statute there is strictly no plea in abatement in criminal cases. Gen. St. 1878, c. 111, § 1; c. 112. A motion to set aside the indictment seems intended to take the place of such a plea. Chapter 110. Matters specified in

section 1, *c.* 110, are of the kind that at common law would be prop-er for such a plea. But that section does not specify all objections, not affecting the question of guilt, which a defendant has a right to make to an indictment, and the specification of them is not to be re-garded as exclusive. That the defendant was required to testify be-fore the grand jury which found the indictment against him is not one of the grounds specified, yet, in *State* v. *Froiseth*, 16 Minn. 260, (296,) it was held that a motion to set aside the indictment, where such was the fact, should be granted. We conclude that the proper manner to make the objection that the prosecution was not com-menced on the complaint of the proper person can be made only by such a motion. It follows that all questions raised on the trial as to the competency or sufficiency of the evidence to prove who moved the prosecution were immaterial; and the defendant having, by raising the question of who made the complaint, induced the court to enter on an immaterial inquiry, cannot insist on the objection that it was immaterial.

The indictment charges the adultery to have been committed with Margaretha Schlichthaber, wife of Frederick Schlichthaber. To prove the marriage the state offered the record of a certificate of mar-riage between Christian Frederick Schlichthaber and Margaretha Sturman, made by Charles H. Blecken, described in the certificate as a minister of the gospel, and in the signature to it as "Ev. Luth. Pas-tor." This was objected to, on the general ground that it was irrele-vant, incompetent, and immaterial, and no foundation had been laid to authorize its admission as evidence. The objection was overruled, and the record read. The specific objections made here (they are not suggested by the objection made below) seem to be that the par-ties are not identified, and that there is no proof that Blecken was a regularly-ordained minister. It was of course necessary to identify the parties named in the certificate. The proof of that, however, should not precede but follow the introduction of the certificate, and it was given by a witness present at the marriage. From the same witness' testimony the jury might find that Blecken was a regularly-ordained minister. He certainly professed to be a minister of the gospel, as appears from the certificate; and in such case the mar-

riage is valid if the parties or either of them, in the belief that it is valid, consummate the marriage. Rev. St. 1851, c. 65, § 15; Gen. St. 1878, c. 61, § 15. That it was so consummated appears beyond any controversy.

Section 97, c. 73, Gen. St. 1878, makes the record presumptive evidence of the marriage. With reference to this the defendant requested an instruction to the jury that the record was only presumptive evidence of the facts stated in it, and the instruction was refused. As the case stood the request was only an abstract proposition. Presumptive evidence establishes the fact until the presumption is removed or shaken by proofs. There was no evidence to disprove the marriage; no proof to remove or shake the presumption raised by introduction of the record. The request therefore had no application to the state of the case, and the refusal could not prejudice.

A question of variance between the indictment and proofs is raised upon the names of the wife and the husband. In respect to this the court, in its instructions, referring to the variance claimed in the name of the wife, properly stated the rule to be that, if she "was known at the time as Margaretha, her full name being Anna Margaretha Schlichthaber, there would be no variance such as would entitle the defendant to a verdict." "It must appear that she was known as Margaretha Schlichthaber as well as by any other name, if any other name is shown to have been her true name." As names are given to persons for the purpose of identifying them, it follows that, if a person is equally well known by either of two different names, either may be used where the purpose is merely that of pointing out the person intended. In a case like this the name is important as descriptive of the particulars of the offence, as pointing out the person with whom it is alleged to have been committed, so that the defendant may know what he is called on to meet. But the defendant insists that there was no evidence of the wife being known by the name "Margaretha," instead of by her full name, "Anna Margaretha." She was married by the name "Margaretha." All the witnesses, except herself, who gave her a first name, speak of her only by that name. The jury might well find that she was known by that

name as well as she was by the full name, "Anna Margaretha." And it was the same with respect to identifying the husband.

We deem it hardly worth while to allude to the many assignments of error based on the idea that the offence must be proved as of the day named in the indictment, or on the idea that, upon a charge of this kind, it is not competent to prove the situation, circumstances, and opportunities of the parties to the offence, and their demeanor toward each other both before and after its alleged commission. The rule upon each of these is so well settled, and has been settled so long, that we need only say that these assignments of error have no foundation.

There was a special plea of a former acquittal. To prove this plea the defendant introduced the record of a former trial upon this indictment, which resulted in a verdict of guilty, and of a motion by defendant for a new trial, which was granted. This did not tend to prove the plea, and the court was right in so instructing the jury.

In this case there are 37 assignments of error. In this opinion, instead of referring to them singly or in their order, we have discussed the propositions upon which they were based, a single proposition in some instances including a large number of the assignments. There may be some not included in any proposition here considered, but we see nothing in such to require of us to say more than that they are unfounded.

Order affirmed.