## STATE *v.* E. G. STEVENS.

*Intoxication. Question of limitation raised by demurrer.*

An indictment for intoxication which alleges that the offence was committed on a date more than thirty days before the filing of the indictment in court, is not for that reason bad on demurrer, for the filing of the indictment is not necessarily the commencement of the prosecution.

Indictment for intoxication. Heard on demurrer to the indictment at the February term, 1891, Tyler, J., presiding. Demurrer overruled. The respondent excepts.

*Dickerman & Young,* for the respondent.

The filing of an indictment is the commencement of the prosecution. *State* v. *J. P.,* 1 Tyler 283; *Com.* v. *Cheney,* 6 Mass. 347; *Com.* v. *Stone,* 3 Gray 453; *Com.* v. *Wood,* 4 Gray 11–15; *State* v. *G. L.,* 1 Tyler 295; *Vaughn* v. *Congdon,* 56 Vt. 111.

Every issuable allegation must be laid with certainty as to time and place. *State* v. *LaBore,* 26 Vt. 765; *State* v. *Litch,* 33 Vt. 67; *State* v. *Bacon,* 7 Vt. 219; 4 Black. Com. 306; Chit. Crim. Law, 169; Whart. Crim. Law, 122; *State* v. *O'Keefe,* 41 Vt. 691; *State* v. *Kennedy,* 36 Vt. 563.

Where time is material it must be accurately stated and proved as laid; and if upon the face of the indictment the offense is barred that can be taken advantage of by demurrer or motion in arrest. *State* v. *Robinson,* 29 N. H. 274; *State* v. *Cavelry,* 51 N. H. 446; Whart. Crim. Law, 114; 4 Black. Com. 306; *Vaughn* v. *Congdon,* 56 Vt. 111–115; Whart. Crim. Law, 184, 684; *State* v. *Litch,* 33 Vt. 67; *Com.* v. *Doyle,* 110 Mass. 103; *State* v. *Robinson,* 29 N. H. 274; *State* v. *Hunkins,* 43 N. H.

557; Bish. Crim. Proced., § 405; *State* v. *Cavelry*, 51 N. H. 446; *State* v. *Munson*, 40 Conn. 475; *Vaughn* v. *Congdon*, 56 Vt. 111-116; *Hartland* v. *Windsor*, 29 Vt. 354.

*W. W. Miles*, State's Attorney, for the State.

The same rules apply to civil and criminal cases. 1 Chit. Pl. p. 213; *State* v. *Whitney*, 15 Vt. 298; *Sherbon* v. *Com*, 8 Wats, 212; *State* v. *Cormack*, 2 McCarter 305.

A statement of real time is not necessary. 1 Chit. Pl. p. 257; *State* v. *Sam*, 2 Dev. 567; *State* v. *Haney*, 1 Hawk 460.

The question of limitation cannot be raised by demurrer. *U. S.* v. *Cooke*, 17 Wall. 168.

The opinion of the court was delivered by

MUNSON, J. This is an indictment for intoxication, founded on No. 36, Acts of 1888. The offense is punishable only when prosecution is commenced within thirty days after its commission. The indictment was filed in court on the sixth day of September, 1890. It alleges an offense committed on the fifth day of July, 1889. The indictment is demurred to.

The respondent contends that inasmuch as the provision of limitation is without exception, the indictment must show an offense committed not more than the prescribed time before the date of its filing. This contention might be sound, if it were also true that the indictment is in all cases the commencement of the prosecution. But the indictment may be a proceeding in continuation of a prosecution previously commenced. This being so, we think an indictment should not be held insufficient because it appears that more than the permitted time elapsed between the date assigned to the commission of the offense, and the filing of the indictment.

In cases where the respondent has been brought before a justice and held for the action of the County Court, the files in the possession of that court will show whether the prosecution was seasonably commenced. We think a respondent should not be

permitted to raise this question in any manner that will prevent a reference to the filing upon the complaint, in cases where complaint was made. No reason occurs to us for requiring that an indictment be so framed as to show prior proceedings which are evidenced by the files in the case. It cannot impair the rights of the respondent to require him to raise the question of limitation in a manner that will bring all the papers before the court.

*Judgment affirmed and cause remanded.*