# STATE v. ANDREW DLUGI.[1]

November 14, 1913.

Nos. 18,503—(1).

**Adultery — commencement of prosecution.**

1. Proceedings before an examining magistrate by which the accused is held to answer in the district court for the crime of adultery, constitute the commencement of a prosecution therefor within the meaning of section 4951, R. L. 1905.

**When pending in district court.**

2. Such proceedings are required to be certified to and filed in the district court, and thereafter the prosecution is pending in that court.

**Indictment.**

3. An indictment for such offense may be returned at any time within three years from the commission thereof.

**Same.**

4. Such indictment need not show that the prosecution was commenced on complaint of the husband or wife, nor that it was commenced within one year from the date of the offense.

**Motion to quash indictment.**

5. If no prosecution has been commenced before an examining magistrate, and the indictment shows that the offense was committed more than one year before the return thereof, a motion to quash will lie.

**Question for jury.**

6. If defendant has been held to answer by an examining magistrate, and the offense proven at the trial was committed more than one year before the return of the indictment, whether such offense was the same offense for which he had been held to answer, was a question for the jury.

**Record — presumption.**

7. As the record contains none of the evidence or proceedings at the trial, they are presumed to be sufficient to sustain the conviction.

[1] Reported in 143 N. W. 971.

Note.—As to construction and effect of provisions requiring prosecution to be upon complaint of husband or wife, see note in 19 L.R.A.(N.S.) 786.

Defendant was indicted, tried in the district court for the county of Morrison before Nye, J., and a jury, and convicted of the crime of adultery. From an order denying defendant's motion to set aside the verdict and quash the indictment and dismiss the same as to defendant, he appealed. Affirmed.

*Norton & Norton,* for appellant.

*Lyndon A. Smith,* Attorney General, and *D. M. Cameron,* County Attorney, for respondent.

TAYLOR, C.

The defendant was convicted of the crime of adultery and thereafter made a motion to set aside the verdict and to quash and dismiss the indictment. This motion was denied and he appeals.

There is no "case" or bill of exceptions and the only question for decision is whether the indictment is sufficient to sustain the conviction.

The statute under which the prosecution was brought (section 4951, R. L. 1905) provides that: "Whenever any married woman shall have sexual intercourse with a man, other than her husband, whether married or not, both shall be guilty of adultery, * * * but no prosecution shall be commenced except on complaint of the husband or the wife, * * * nor after one year from the commission of the offense."

It is urged that the prosecution is not shown to have been commenced on complaint of the husband or wife, nor within one year from the commission of the offense.

On October 26, 1912, Joseph Krzan made a written complaint, under oath, before a justice of the peace, charging that defendant and the wife of Krzan had committed adultery with each other on October 19, 1912. The justice forthwith issued a warrant upon this complaint under which the defendant was arrested and brought before him for a preliminary examination. As the result of such examination, defendant was held to answer for the offense in the district court at the next term thereof. At the next term of the district court, both Krzan and the wife of defendant appeared as witnesses before the grand jury; and that body returned an indictment,

dated March 5, 1913, charging that defendant had committed adultery with Mrs. Krzan, "on or about the 17th day of February, A. D. 1912." Defendant was tried and convicted upon this indictment.

Whether a preliminary examination before a magistrate constitutes the commencement of a criminal prosecution, under our statutes, was considered and determined in State v. Grace, 18 Minn. 359 (398); and it was there held that a criminal prosecution was pending against the defendant from the commencement of the proceedings before the magistrate by which he was held to answer in the district court. The syllabus reads: "When one is held by an examining magistrate to answer in the district court for a felony, a prosecution for felony is pending in that court." We see no reason to doubt the correctness of the conclusion reached in the case cited which apparently has stood unchallenged for more than 40 years. A similar rule is followed in other jurisdictions, where the statute requires that the prosecution be commenced within a prescribed time, without requiring that an indictment be returned within such time. State v. Miller, 11 Humph. 505; State v. Erving, 19 Wash. 435, 53 Pac. 717; State v. Groome, 10 Iowa, 308; In re Griffith, 35 Kan. 377, 11 Pac. 174; In re Clyne, 52 Kan. 441, 35 Pac. 23; State v. White, 76 Kan. 654, 92 Pac. 829, 14 L.R.A.(N.S.) 556; State v. Stevens, 64 Vt. 590, 25 Atl. 838; People v. Clark, 33 Mich. 112; People v. Clement, 72 Mich. 116, 40 N. W. 190; State v. Howard, 15 Rich. (S. C.) 274; State v. Kiefer, 90 Md. 165, 44 Atl. 1043; Bishop, Stat. Crimes (3rd ed.) § 261; 2 McClain, Crim. Law, § 1093.

A prosecution for adultery was commenced against defendant, within the meaning of section 4951, by the proceedings before the justice under which he was held to answer in the district court; and such prosecution was commenced on complaint of the injured husband.

The statute requires that all preliminary examinations be certified to and filed in the district court, and that all cases so returned be entered upon the records of that court. Sections 5251, 5381, R. L. 1905. Thereafter the prosecution initiated by such examination is pending in the district court. State v. Grace, supra.

The fact that a prosecution for adultery had been commenced against defendant and was then actually pending, was a matter of record in the district court at the time the indictment was found and filed therein. This record was a part of the record in the case and both the court and the defendant must necessarily take notice thereof.

Section 5313, R. L. 1905, provides that in all cases except murder "indictments shall be found and filed in the proper court within three years after the commission of the offense." There is no other statute limiting the time in which an indictment for adultery may be returned. Section 4951 bars a prosecution unless commenced within one year after the commission of the offense, but if such prosecution be commenced by the institution of proper proceedings before an examining magistrate within the year, the indictment may be returned at any time within the three years prescribed by section 5313. The indictment in question was returned within the prescribed time and prosecution thereunder, for the offense charged therein, was not barred by any facts appearing upon the face thereof.

The revised laws provide what an indictment shall contain; and' also provide in section 5305, that "the indictment shall be sufficient," if the matters specified in that section "can be understood therefrom." An indictment which complies with the requirements of the statutes is not defective. The statutes nowhere require the fact that the prosecution was commenced on complaint of the husband or wife, or the fact that it was commenced within one year after the commission of the offense, to appear from the indictment; and section. 5305, supra, clearly provides that the indictment shall be sufficient without alleging those facts. That such facts need not be alleged in the indictment was determined by this court in State v. Brecht, 41 Minn. 50, 42 N. W. 602. The court also determined in that case that it was unnecessary to prove at the trial that the prosecution was commenced on complaint of the husband or wife; and that the objection that it was not so commenced could be raised only by motion to quash made before the trial.

If in fact no prosecution had been commenced within one year from the date upon which the indictment charges that the offense was

committed, a motion to set aside the indictment upon that ground would doubtless lie. State v. Brecht, supra.

But the time at which the offense was committed is not a material ingredient in the crime of adultery, and need not be precisely stated in either the complaint before the justice, or the indictment returned by the grand jury. Neither is it necessary to prove that the offense was committed at the time alleged. Under either a complaint or an indictment, the offense may be proven, whether committed on the date alleged or on some other date, unless prosecution therefor be barred by statute. Sections 5302, 5305, 5306, R. L. 1905. State v. Johnson, 23 Minn. 569; State v. Lavake, 26 Minn. 526, 6 N. W. 339, 37 Am. Rep. 415; State v. Holmes, 65 Minn. 230, 68 N. W. 11; State v. Gerber, 111 Minn. 132, 126 N. W. 482. If the indictment be returned more than one year after the date upon which the proof at the trial shows that the offense was committed, but a prosecution before an examining magistrate has been commenced within one year from such date, the question as to whether the offense proven at the trial was the same offense for which the accused had been prosecuted before the magistrate should be submitted to and determined by the jury.

Under the indictment in question, defendant could have been tried and convicted of the offense charged, if it were committed at any time within three years before the return of the indictment, and within one year before the commencement of the prosecution therefor before the magistrate. If, at the trial, it appeared that the offense proven had been committed more than one year before the return of the indictment, the question of fact, as to whether the offense for which defendant had been held to answer by the magistrate was the offense so proven, should have been submitted to and determined by the jury.

As the record contains none of the evidence or proceedings at the trial, they are presumed to have been sufficient to sustain the conviction. State v. Ryan, 13 Minn. 343 (370); State v. Framness, 43 Minn. 490, 45 N. W. 1098; State v. Ronk, 91 Minn. 419, 98 N. W. 334. The indictment is not defective, and, as no error is disclosed by the record, the order appealed from is affirmed.