Gar C. GRAHAM, Petitioner,

v.

Jess I. MIRACLE, Judge of the District Court, Oklahoma County, Oklahoma, Respondent.

No. 50283.

Supreme Court of Oklahoma.

Nov. 3, 1976.

Mickey James, Oklahoma City, for petitioner.

George Miskovsky, Oklahoma City, for respondent.

IRWIN, Justice:

Petitioner, Gar C. Graham, is defendant in the case of *Richard A. Peterson v. Gar C. Graham,* now pending in the District Court, Oklahoma County, Oklahoma. Peterson brought the action against Graham

for alienation of affection and criminal conversation. Graham, as a witness called at trial by Peterson, refused to testify asserting a Fifth Amendment privilege based on potential criminal prosecution in the State of Minnesota. After proper proceedings, the trial court found petitioner in direct contempt and imposed punishment pursuant to 12 O.S.1971, § 394.

It is not asserted that the trial court's proceedings have not been in compliance with Art. II, § 25, Okl.Const., which relates to proceedings for contempt. On application, this Court stayed all contempt proceedings and orders of contempt until further order of this Court.

In this original proceeding, petitioner seeks Writ of Mandamus or Prohibition restraining the trial judge from enforcing his order directing petitioner to testify over his objection, and Writ of Habeas Corpus. Petitioner is entitled to the Writs only if he may properly rely on his Fifth Amendment privilege not to testify. Petitioner's proper exercise of the Fifth Amendment privilege must stand or fall entirely upon the existence of a legal possibility of criminal prosecution in the State of Minnesota

For the purposes of this opinion, we may assume the following facts. The alleged tortious conduct last occurred more than one year prior to commencement of the civil action in Oklahoma. Petitioner was then within the State of Minnesota, but within one year of the allegedly wrongful conduct, he left Minnesota and moved to Oklahoma. To date no criminal prosecution has been commenced in Minnesota against Petitioner.

The applicable Minnesota statutes are as follows:

Minn.St.Ann. § 609.36 Adultery

"Subdivision 1. Acts constituting. When a married woman has sexual intercourse with a man other than her husband, whether married or not, both are guilty of adultery and may be sentenced to imprisonment for not more than one

year or to payment of a fine of not more than $1,000.00, or both.

"Subd. 2. Limitations. No prosecution shall be commenced under this section except on complaint of the husband or the wife, except when such husband or wife is insane, nor after one year from the commission of the offense."

Minn.St.Ann. § 628.26. Limitations

"Indictments for murder may be found at any time after the death of the person killed; in all other cases, indictments shall be found in the proper court within three years after the commission of the offense; but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not constitute any part of the limitation of three years."

■ ■ It is the general policy of the law to give statutes of limitations in a criminal case a liberal construction in favor of the defendant. 21 Am.Jur.2d "Criminal Law" § 158; *Synnott v. State,* Okl., 38 Okl.Cr. 281, 260 P. 517 (1927). Unless a statute contains an exception or condition that will toll its operation, the running of the statute is not interrupted.

The Minnesota limitations provision containing the tolling proviso, § 628.26, is a general limitation on criminal actions specifically referenced to the findings of indictments. The adultery statute of Minnesota, § 609.36, contains its own limitation provision referenced to the filing of a written complaint by the husband or wife of either participant in the crime. There is no tolling proviso in § 609.36.

In *State v. Dlugi,* Minn., 123 Minn. 392, 143 N.W. 971 (1913), when discussing the question of the relationship between § 628.-26 and § 609.36, the Minnesota Court said:

"Section 53313 [§ 628.26] R.L.1905, provides that in all cases except murder, 'indictments shall be found and filed in the proper court within three years after the commission of the offense.' There is no other statute limiting the time in

which an indictment for adultery may be returned. Section 4951 [§ 609.36] bars a prosecution unless commenced within one year after the commission of the offense, but if such prosecution be commenced by the institution of proper proceedings before an examining magistrate within the year, the indictment may be returned at any time within the three years prescribed by section 5313."

Thereafter, in *Dlugi,* supra, the Minnesota Court held that if no prosecution had been commenced within one year from the date upon which the indictment charged that the offense was committed, a motion to set aside the indictment upon that ground would lie.

■ It is evident that the limitations provisions of § 609.36 and those of § 628.-26 were intended to serve two entirely different public purposes. The purpose of § 628.26 was to establish a general limitations provision for all criminal proceedings founded on indictments. The limitations provisions of § 609.36 were intended to implement the public policy of Minnesota that no person other than the injured husband or wife should complain of the wrong done, [*State v. Brecht,* 41 Minn. 50, 42 N. W. 602] and that the injured husband or wife must make such complaint within one year. *State v. Dlugi,* supra.

We hold that under the applicable laws of the State of Minnesota the statute of limitations peculiar to the offense with which petitioner might be charged has run. There is no legal possibility of a criminal prosecution arising from petitioner's conduct in Minnesota which would entitle him to the Fifth Amendment privilege against self incrimination.

Petitioner has also suggested the potential of federal prosecution. Nothing in the pleadings nor any questions propounded to petitioner as a witness raised factual questions which would suggest potential criminal liability under federal law. Should such facts arise or such questions be asked, petitioner might at that time assert the privilege to refuse to answer questions related thereto.

Original jurisdiction assumed; Writ of Habeas Corpus and Writ of Prohibition and /or Mandamus denied.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, LAVENDER, SIMMS and REYNOLDS, JJ., concur.

BARNES, J., not participating.

DOOLIN, J., having certified his disqualification, the Honorable LESTER A. REYNOLDS, Presiding Judge of the Court of Appeals, Div. 1, was appointed in his stead.