**Randy HEADBIRD,**
**Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C4–85–487.**

Court of Appeals of Minnesota.

Oct. 22, 1985.

Review Denied Dec. 13, 1985.

C. Paul Jones, State Public Defender, Ann Remington, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Michael T. Milligan, Cass Co. Atty., Walker, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Randy Headbird contends that his conduct does not constitute the crime of escape from custody. Headbird also contends that the trial court erred in refusing to depart downward from the presumptive sentence under the Minnesota Sentencing Guidelines. We affirm.

## FACTS

On July 7, 1981, Headbird was convicted of third degree assault in Cass County District Court. Execution of his 32-month sentence was stayed and he was placed on probation for three years.

Headbird repeatedly violated the terms of his probation. On May 18, 1983, he was convicted of an open bottle violation and sentenced to ninety days in the Cass County jail. He was granted Huber Law (work release) privileges but these were revoked when he returned to jail intoxicated.

At a hearing on November 1, 1983, Headbird was reinstated on probation on the condition that he serve the remainder of the probationary period (until August 7, 1984) in the Cass County jail. Headbird was granted a furlough to the Anishinabe Longhouse (the Longhouse) in Minneapolis for treatment of his alcohol dependency. On March 1, 1984, Headbird was to report to a halfway house in Cass Lake, Minnesota. He was to remain at the halfway house until August 17, 1984.

In granting the furlough, the court admonished Headbird:

I want you to understand that you are on furlough status. This is the last club that the court has got to swing at you. If you run, if you leave the halfway house and don't come back when you are supposed to, that's a felony escape.

Headbird initially complied with the new terms of probation, but on several occasions he failed to return to the Longhouse after his pass had expired. He was finally terminated from the Longhouse treatment program on February 15, 1984. At that time he was absent from the Longhouse without leave.

Headbird never returned to the Longhouse. He did not turn himself in to the Cass County jail or the halfway house in Cass Lake on March 1, 1984, as ordered. He was arrested in Cass Lake on May 25, 1984, and charged with felony escape.

Headbird submitted his escape charge for trial to the Cass County District Court on stipulated facts. He was found guilty of escape from custody pursuant to Minn. Stat. § 609.485, subd. 2(1) (1984), and was sentenced to an executed sentence of twenty-five months, the presumptive sentence under the Minnesota Sentencing Guidelines. Headbird's post-conviction request for a downward durational departure from the presumptive sentence was denied.

## ISSUES

1. Did appellant's conduct constitute the offense of escape from custody under Minn.Stat. § 609.485?

2. Did the post-conviction court err in denying appellant's request for a downward durational departure from the presumptive sentence?

## ANALYSIS

### I.

■ The crime of escape from custody is defined by Minn.Stat. § 609.485 (1984). That statute provides in relevant part:

Subdivision 1. Definition. "Escape" includes departure without lawful authority and failure to return to custody following temporary leave granted for a specific purpose or limited period.

Subd. 2. Acts prohibited. Whoever does any of the following may be sentenced as provided in subdivision 4:

(1) Escapes while held in lawful custody on a charge or conviction of a crime * *.

\* \* \* \* \* \*

Subd. 3. Exceptions. This section does not apply to a person who is free on bail or who is on parole or probation, or subject to a stayed sentence or stayed execution of sentence, unless he (1) has been taken into actual custody upon revocation of the parole, probation, or stay of the sentence or execution of sentence, or (2) is in custody in a county jail or workhouse as a condition of a stayed sentence.

Minn.Stat. § 609.485 (1984).

In *State v. L'Italien,* 363 N.W.2d 490 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. April 26, 1985) this court found no merit in an appellant's argument that failure to return from furlough did not constitute an escape under Minn.Stat. § 609.485. The Minnesota Supreme Court has held that failure to return from work release while serving a probationary jail term constitutes an escape. *State v. Beito,* 332 N.W.2d 645 (Minn.1983). A prisoner who escapes while on "medical parole" at a state hospital also may be convicted under this statute. *State v. Knox,* 311 Minn. 314, 250 N.W.2d 147 (Minn.1976).

Headbird contends that his failure to report to the halfway house in Cass Lake on March 1, 1984, was not an escape because he was on probation. He argues that his conduct falls under the exception contained in Minn.Stat. § 609.485, subd. 3. Headbird contends that he could not have escaped because he was not in "actual custody."

We cannot agree. On November 1, 1983, Headbird was ordered to serve the remainder of his probation in the Cass County jail. Such probationary jail time is authorized by Minn.Stat. § 609.135, subd. 4 (1984). While in jail, Headbird was in "actual custody" under Minn.Stat. § 609.485, subd. 3(1). He was then given a furlough to the Longhouse until March 1, 1984. This is precisely the "temporary leave granted for a specific purpose or limited period" contemplated by Minn.Stat. § 609.485, subd. 1. Headbird was ordered to report to the halfway house in Cass Lake upon completion of treatment at the Longhouse. He was cautioned that failure to do so would constitute an escape from custody. He was terminated from the Longhouse but did not report to the halfway house.

Under these facts, the unambiguous language of the statute, and the applicable case law, the trial court properly determined that Headbird was guilty of escape from custody.

## II.

Headbird next argues that the trial court erred in refusing to depart downward from the presumptive sentence for his escape conviction. In *State v. Kindem,* 313 N.W.2d 6 (Minn.1981), the Minnesota Supreme Court stated:

> [I]t would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*Id.* at 7.

Our scope of review is limited to whether there is sufficient evidence to sustain the findings of the post-conviction court. *Hanson v. State,* 345 N.W.2d 794, 796 (Minn.Ct.App.1984). The court denied appellant's petition because it found that there were no mitigating factors that would justify a downward departure. Our review of the record reveals ample evidence to sustain this finding. This is not a "rare case" where refusal to depart downward warrants reversal.

## DECISION

Appellant's conduct constituted the crime of escape from custody. The trial court did

not err in refusing a downward departure from the presumptive sentence.

Affirmed.