**STATE of Minnesota, Respondent,**

v.

**Scott Arthur
LEWANDOWSKI, Appellant.**

No. CX–88–2548.

Court of Appeals of Minnesota.

Aug. 1, 1989.

---

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Asst. Atty. Gen., St. Paul, Richard T. Jessen, Benton County Atty., Foley, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, Bradford Colbert, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by NORTON, P.J., and RANDALL and MULALLY,* JJ., without oral argument.

## OPINION

RANDALL, Judge.

Appellant Scott Arthur Lewandowski was convicted, following a trial to the court, of escape from custody in violation of Minn.Stat. § 609.485 (1988). Appellant was sentenced to 27 months in prison, and appeals the conviction and sentence. Appellant contends his acts do not constitute escape, and the trial court incorrectly computed his criminal history score. We re-

* Acting as judge of the Court of Appeals by ap-

verse and remand for entry of a conviction on failure to appear, and for resentencing.

## FACTS

On May 2, 1988, appellant appeared for sentencing in Benton County District Court on a felony theft by check charge to which he had pleaded guilty. The trial court sentenced appellant to an executed sentence of 21 months on the felony theft charge. The court also executed four stayed sentences for which appellant had been on probation. These sentences ran concurrently with the felony theft sentence.

At the sentencing, appellant asked to be released for a few days so that he could move his belongings prior to entering prison. The court released appellant on his promise to report to the Benton County Sheriff on May 5, 1988, and the further condition that he contact his probation officer twice a day.

Appellant did not return to custody on May 5. He turned himself in to the Benton County Sheriff on May 9, four days late.

Appellant was charged with and convicted of attempted escape from custody. He was tried on stipulated facts and convicted as charged. The trial court sentenced appellant to an executed sentence of 27 months, based on a severity level 3 offense and a criminal history score of 7.

## ISSUES

1. Did appellant's failure to return to custody on time constitute a violation of the escape statute?

2. Did appellant's criminal history score improperly include two misdemeanor convictions for traffic offenses?

## ANALYSIS

### I.

*Escape*

Appellant was convicted of escape from custody in violation of Minn.Stat.

pointment pursuant to Minn. Const. art. VI, § 2.

§ 609.485, subd. 2(1) (1988). That section reads as follows:

> Acts Prohibited. Whoever does any of the following may be sentenced as provided in subdivision 4:
>
> (1) escapes while held in lawful custody on a charge or conviction of a crime, or while held in lawful custody of the commissioner of corrections on an allegation or adjudication of a delinquent act while 18 years of age;

Escape is defined as follows:

> "Escape" includes departure without lawful authority and failure to return to custody following temporary leave granted for a specific purpose or limited period.

*Id.* at subd. 1.

Appellant contends his actions were at most a violation of Minn.Stat. § 609.49 (1988) which provides:

> RELEASE, FAILURE TO APPEAR.
>
> Whoever, being charged with or convicted of a felony and held in lawful custody therefor, *is released from custody, with or without bail or recognizance, on condition that the releasee personally appear when required with respect to such charge or conviction,* and intentionally fails, without lawful excuse, to so appear when required or surrender within three days thereafter, may be sentenced to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both.

(emphasis added.) We agree with appellant's contention that section 609.49 fits the facts better than section 609.485.

■ If only section 609.485 existed, it would cover the facts of this case. However, we cannot ignore section 609.49. Section 609.49 appears to have been created to cover precisely the conduct found in this case. If, on these facts, section 609.485 is found to apply, section 609.49 becomes superfluous. When two statutes, one general and one specific, cover the same conduct, the specific statute controls the general statute, unless the legislature manifestly intends the general statute to control. Minn.Stat. § 645.26, subd. 1 (1988); *State*

*v. Kalvig,* 296 Minn. 395, 401, 209 N.W.2d 678, 681 (1973).

■ A person prosecuted for a crime may be convicted of the crime charged or a lesser included offense, but not both. Minn.Stat. § 609.04 (1988). When the finder of fact has a reasonable doubt which crime a defendant has committed, the defendant is entitled to a conviction on the lesser offense. *See State v. Leinweber,* 303 Minn. 414, 420, 228 N.W.2d 120, 125 (1975). Minnesota's Jury Instruction Guides provide:

LESSER CRIMES

> The law provides that upon the prosecution of a person for a crime, if the person is not guilty of that crime, he may nonetheless be guilty of a lesser crime.
>
> (A) (the) lesser crime(s) in this case are: _____.
>
> You are instructed that the presumption of innocence and the requirement of proof beyond a reasonable doubt apply as well to these lesser crimes. *If you find beyond a reasonable doubt that defendant has committed a crime but you have a reasonable doubt which crime he has committed he is guilty of the lesser crime only.*

10 Minnesota Practice, CRIM. JIG 3.20 (1985) (emphasis added).

The parties agree that Minnesota case law and the Model Penal Code permit a finding of escape from various forms of constructive custody. *See State v. Beito,* 332 N.W.2d 645, 648 (Minn.1983) (failure to return from work release); *Headbird v. State,* 375 N.W.2d 90, 92 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. Dec. 13, 1985) (failure to return to halfway house while on furlough to chemical dependency treatment facility). However, these cases involved a defendant who, while actually incarcerated in an institution, was furloughed or released for a specific purpose and did not return at the appointed time. *See Beito,* 332 N.W.2d at 647; *State v. Knox,* 311 Minn. 314, 316, 250 N.W.2d 147, 150 (1976) (prisoner transferred from state prison to Minnesota Security Hospital at St. Peter escaped from hospital; conviction

of escape upheld); *Headbird,* 375 N.W.2d at 91 (prisoner furloughed from Cass County Jail to Anishinabe LongHouse); *State v. L'Italien,* 363 N.W.2d 490, 491 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. April 26, 1985) (failure to return to prison after expiration of furlough).

The question here is whether appellant was in constructive custody. The state argues that appellant was in constructive custody of the Commissioner of Corrections as of 9:00 a.m., May 5, 1988, when appellant was ordered to report to the Benton County Sheriff. It is the state's argument that appellant, once committed to the custody of the Commissioner of Corrections, escaped from that custody by failing to report as ordered.

 We hold that appellant was not in the constructive custody of the Commissioner of Corrections at the time he failed to appear. A person convicted of a crime is not in the custody of the Commissioner until the person is received by the Commissioner. There is a discernible difference between a person who, having begun to serve a sentence, is released from a confinement situation for a specific purpose (*Beito* and *Headbird* situations) and one like appellant here who has not actually been incarcerated but who failed to appear to start a sentence. Although both statutes are close, Minn.Stat. § 609.49 appears to speak correctly to this set of facts.

 In the present case, the statutes arguably overlap and either could control. When this happens, penal statutes must be construed strictly against the state and in favor of the defendant. *State v. Haas,* 280 Minn. 197, 200, 159 N.W.2d 118, 121 (1968); *State v. Moseng,* 254 Minn. 263, 269, 95 N.W.2d 6, 11 (1959); *State v. Corbin,* 343

N.W.2d 874, 876 (Minn.Ct.App.1984); *see also State v. Finchum,* 364 N.W.2d 222, 225 (Iowa 1985); *People v. Rehkopf,* 422 Mich. 198, 207–208, 370 N.W.2d 296, 300 (1985); *Donaldson v. State,* 93 Wis.2d 306, 314–316, 286 N.W.2d 817, 821 (1980). Application of this rule leads us to find appellant guilty of a violation of section 609.49 rather than section 609.485. We therefore reduce appellant's conviction from escape to the lesser included offense of failure to appear. *See* Minn.R.Crim.P. 28.02, subd. 12.

The trial court's logic in selecting escape over failure to appear is flawed. First, the trial court stated that once it sentenced appellant, it lost its power to delay the starting time of incarceration, and thus the trial court reasoned that this must have been an attempted escape [1] rather than failure to appear. The trial court was incorrect. Not only does a trial court have the power to delay the starting date of incarceration, that is, in fact, exactly what happened here. It is common for trial courts, upon a legitimate request, to delay for a short time the starting date of a defendant's sentence. It is a proper exercise of the trial court's discretionary power and was appropriately exercised here. As discussed earlier, the trial court has jurisdiction over a person convicted of a crime until that person is delivered to the Commissioner of Corrections.

Although the trial court imposed an executed sentence rather than probation with a stay of execution, the trial court retained the right to stay the commencement of appellant's executed sentence. The trial court's postponement of appellant's actual reporting date was lawful, and was a *stay of commencement* of an executed sentence.[2]

1. We note that the state initially charged appellant with "attempt" to escape. If, as the trial court found, appellant's actions constituted a violation of the escape statute, his conduct could not have been an "attempted" escape. His conduct was a completed escape or nothing. The fact that a defendant turns himself in, after several days at large, is a mitigating factor which may be considered at sentencing; it is not a defense to an "escape" charge. "Attempts" at escape would be confined to a defendant in

actual custody who struggled to break free or momentarily got away and was quickly recaptured. Here, the stipulated facts show appellant had failed to appear for a full four days.

2. The trial court itself stated in part:

The stay of commitment granted by the sentencing Court was not a stay of execution pursuant to Minn.Stat. § 609.135 as is contemplated by Minn.Stat. § 609.485, subd. 3,

555

We are equally unpersuaded by the state's argument that there is no provision for release on bail after sentencing, except when an appeal is pending, and thus this fact situation had to be an escape. Neither Minn.R.Crim.P. 27 nor 28 contains a prohibition against what the trial court did, as the state suggests.

## II.

*Criminal History Score*

Because we conclude that appellant is guilty of failure to appear rather than escape, we need not address the second issue appellant raises. Failure to appear is a gross misdemeanor to which the sentencing guidelines do not apply. Therefore, no discussion of appellant's criminal history score is necessary to resolve this case.

Appellant, in his pro se supplemental brief, argues he was denied his right to a speedy trial. On May 16, appellant requested a speedy trial. *The court ordered that a speedy trial be held within 60 days of May 16.* Appellant appeared before the trial court on August 17, 91 days after his speedy trial demand.

Rule 11.10 of the Minnesota Rules of Criminal Procedure provides:

A defendant shall be tried as soon as possible after entry of a not guilty plea. On demand made in writing or orally on the record by the prosecuting attorney or the defendant, the trial shall be commenced within 60 days from the date of the demand unless good cause is shown by the prosecution or defendant why he should not be brought to trial within that period. The time period shall not begin to run earlier than the date of the not guilty plea.

■ The record does not disclose any resolution by the trial court on the question of lack of a speedy trial. Also, neither appellant's attorney nor the state raised the issue. We simply observe that a delay of 31 days beyond the limits of Rule 11.10, after a proper demand on the record for a speedy trial is made, may raise a substantial question which should be resolved by the trial court. *See State v. Jones*, 392 N.W.2d 224 (Minn.1986).

## DECISION

Appellant's conviction for escape is vacated and a conviction for failure to appear is substituted therefor.

Reversed and remanded.

but was a temporary leave granted to allow Defendant to clear up his personal affairs.