**STATE of Minnesota, Plaintiff,**

v.

**Mark Orlando HARRIS, Defendant.**

**No. C7–95–453.**

Supreme Court of Minnesota.

June 16, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., J. Michael Richardson, Asst. County Atty., Minneapolis, for plaintiff.

Frederick J. Goetz, Minneapolis, for defendant.

**OPINION**

KEITH, Chief Justice.

This is a pretrial appeal in a criminal prosecution of defendant for murder in the first degree. Defendant's first trial resulted in his being convicted of murder in the first degree. We awarded him a new trial in *State v. Harris,* 521 N.W.2d 348 (Minn.1994), because of prosecutorial misconduct at the first trial. Defendant then moved in district court for a dismissal of the indictment and an order barring retrial on the ground that the double jeopardy clauses of the federal and state constitutions barred retrial. The district court denied the motion but granted defendant's request for certification.

We agreed to review expeditiously and immediately the basic issue certified, which is whether the retrial of defendant violates the protection against double jeopardy in the Minnesota Constitution. This basic issue has two parts: (1) If a criminal defendant obtains a reversal of his conviction on the ground of prosecutorial misconduct, may the defendant subsequently rely on the double jeopardy clause as a bar to retrial? (2) If so, what standard should be applied to determine if retrial is barred?

As a practical matter, we note that in our opinion the district court erred in certifying this matter for pretrial consideration by this court. Defendant, in his brief in this court, sought a remand for a new trial. Our decision awarded him just that. Our opinion made clear that we did not contemplate that the prosecutor's conduct should operate as a bar to defendant's retrial. If defendant wanted some relief other than a new trial, defendant should have requested it from this court, either in his brief, or at the latest, in a timely petition for rehearing. Accordingly, it would be appropriate for us to dismiss this appeal and remand to the district court without addressing the basic issue raised by the appeal. Defendant then could raise the issue in this court if he were once again convicted and chose to appeal the conviction.

Nonetheless, we have decided to address the basic issue raised by the appeal. It has been the rule in this state that if a defendant appeals a conviction and obtains a reversal of the conviction on the ground of trial error, as opposed to insufficiency of evidence as a matter of law,[1] the defendant is entitled to a new trial, not to outright reversal of his conviction. Stated differently, the double jeopardy clause in such circumstances does not bar retrial. Thus, in *State v. Brecht,* 41 Minn. 50, 55, 42 N.W. 602, 604 (1889), we summarily rejected a convicted criminal defendant's claim that a post-trial order granting him a new trial constituted a formal acquittal barring reprosecution on double jeopardy grounds. Our decision in *Brecht* predated the United States Supreme Court's decision in *United States v. Ball,* 163 U.S. 662, 672, 16 S.Ct. 1192, 1195–96, 41 L.Ed. 300 (1896), which similarly and peremptorily held that an appellate reversal of a defendant's conviction on the ground of trial error entitled him only to a new trial. Subsequent decisions supporting our understanding of the settled law in this area include: *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Price v. Georgia,* 398 U.S. 323, 329 n. 4, 90 S.Ct. 1757, 1761 n. 4, 26 L.Ed.2d 300 (1970); *United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589,

12 L.Ed.2d 448 (1964); *Trono v. United States,* 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292 (1905).

In view of our decision, we do not address the general issue of what standard should be followed in determining whether retrial is barred by the double jeopardy clause if the trial court, instead of allowing the case to proceed to verdict, grants the defendant's motion for mistrial on the ground of prosecutorial misconduct. We can say, however, that at least on the facts of this particular case, retrial would not have been barred even if the trial court had granted a mistrial as opposed to letting the case proceed to verdict. *See Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), and *State v. Fuller,* 374 N.W.2d 722 (Minn.1985).

Remanded for trial.

---

1. If a defendant obtains a reversal because of the insufficiency of the evidence as a matter of law, then the double jeopardy clause clearly precludes further prosecution. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *State v. Gurske,* 395 N.W.2d 353 (Minn.1986).