*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0957**

State of Minnesota,
Respondent,

vs.

Vernon Dale Howard, Sr.,
Appellant.

**Filed February 21, 2017
Affirmed
Larkin, Judge**

Cass County District Court
File No. 11-CR-15-1770

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Christopher J. Strandlie, Cass County Attorney, Walker, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges his conviction of possession of ammunition by a prohibited person and his sentence for second-degree assault. Because appellant's challenge to his conviction is based on a statutory-interpretation argument that was not raised in district court and consideration of the argument for the first time on appeal would disadvantage the state, we do not consider it. And because appellant's sentence is not in error, we affirm.

**FACTS**

Respondent State of Minnesota charged appellant Vernon Dale Howard Sr. with seven offenses stemming from an incident in which an individual was beaten in his home. As is relevant to the issues in this appeal, the charges included second-degree assault under Minn. Stat. § 609.222, subd. 2 (2014), third-degree assault under Minn. Stat. § 609.223, subd. 1 (2014), and possession of ammunition by a prohibited person under Minn. Stat. § 624.713, subd. 1(2) (2014). The charging count of the complaint for the third-degree assault referred to Minn. Stat. § 609.11, subd. 4 (2014), which mandates a minimum sentence of one year and a day for "applicable offenses" in which the defendant "used, whether by brandishing, displaying, threatening with, or otherwise employing, a dangerous weapon other than a firearm." *See also* Minn. Stat. § 609.11, subd. 9 (2014) (listing third-degree assault as an applicable offense).

The case was tried to a jury. The district court instructed the jury as follows regarding the elements of the second-degree-assault offense: "First, the defendant assaulted [the victim]," "[s]econd, the defendant, in assaulting [the victim], used a dangerous

weapon," "[t]hird, the defendant inflicted substantial bodily harm on [the victim]," and "[f]ourth, the defendant's act took place on or about October 3rd, 2015, in Cass County."

The district court instructed the jury as follows regarding the elements of the third-degree-assault offense: "First, the defendant assaulted [the victim]," "[s]econd, the defendant inflicted substantial bodily harm on [the victim]," and "[t]hird, the defendant's act took place on or about October 3rd, 2015, in Cass County."

As to the section 609.11 sentencing-enhancement factor applicable to the third-degree-assault offense, the district court further instructed the jury:

> If you find that each of these elements has been proven beyond a reasonable doubt, the defendant is guilty. . . .
>
> If you find that the defendant is guilty, you have an additional issue to determine, and it will be put to you in the form of a question that will appear on the verdict form. The question is:
>
> Did the defendant use a dangerous weapon other than a firearm at the time of the offense?

The jury found Howard guilty of the seven charged offenses. The district court entered judgment of conviction and sentenced Howard as follows: (1) an executed prison term of 71 months for second-degree assault, (2) a consecutive, executed prison sentence of 12 months and 1 day for threatening a crime of violence, and (3) a concurrent, executed prison sentence of 60 months for possession of ammunition by a prohibited person. Howard appeals.

Howard challenges his conviction of possession of ammunition by a prohibited person, arguing that the evidence was insufficient to prove that a .410 shotgun shell found on his person at the time of his arrest "met the statutory definition of ammunition."

When considering an insufficient-evidence claim, this court carefully analyzes the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach their verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). This court "view[s] the evidence in a light most favorable to the verdict and assume[s] that the jury believed the state's witnesses and disbelieved contrary evidence." *State v. Brooks*, 587 N.W.2d 37, 42 (Minn. 1998). This court will not disturb the jury's verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was proved guilty of the offense charged. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Howard was convicted under Minn. Stat. § 624.713, subd. 1(2), which provides that "[t]he following persons shall not be entitled to possess ammunition[:] . . . a person who has been convicted of . . . a crime of violence." Ammunition is defined as "ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm." Minn. Stat. §§ 624.712, subd. 12, 609.02, subd. 17 (Supp. 2015).

To be clear, Howard does not argue that the trial evidence was insufficient to prove beyond a reasonable doubt that he possessed a .410 shotgun shell or that he was prohibited

from possessing ammunition. Instead, he argues that "[w]ithout evidence establishing how the .410 shell fires, there is no evidence that the .410 shell was ammunition." He further argues that "[g]iven the circular nature of the definition, it is appropriate to consider the non-circular portion of the definition of ammunition. With no evidence of whether the .410 shell fires a bullet, uses a primer or propellent powder, the State has failed to prove beyond a reasonable doubt that Howard possessed ammunition." He therefore concludes that his "conviction for possession of ammunition must be vacated because the state failed to prove beyond a reasonable doubt that the .410 shell met the statutory definition of ammunition."

Howard's sufficiency challenge raises an issue of statutory interpretation. The state argues that Howard did not raise this issue in district court. Indeed, Howard concedes that "the issue at trial may not have focused on whether the .410 shell met the statutory definition of ammunition." "[M]ay not have focused" is an understatement. At trial, Howard argued that the police planted the .410 shell on him.

This court generally does not consider legal issues that were not raised and determined in district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). The court may, however, "decide an issue not determined by a [district] court where that question is decisive of the entire controversy and where there is no possible advantage or disadvantage to either party in not having a prior ruling on the question." *McKenzie v. State*, 872 N.W.2d 865, 872 (Minn. 2015) (quotation omitted).

If a court is going to engage in statutory construction and possibly conclude, as a matter of law, that a .410 shotgun shell does not automatically meet the statutory definition

5

of ammunition, fairness dictates that the court engage in the construction and announce its decision at a time when the state has the ability to present evidence consistent with the resulting construction. Given Howard's presentation of his statutory-interpretation argument in the context of a sufficiency-of-the-evidence challenge for the first time on appeal, the state would be significantly disadvantaged if this court were to agree with Howard's argument. *See State v. Harris*, 533 N.W.2d 35, 36 n.1 (Minn. 1995) ("If a defendant obtains a reversal because of the insufficiency of the evidence as a matter of law, then the double jeopardy clause clearly precludes further prosecution.").

Based on Howard's failure to argue in district court that the .410 shell was not "ammunition" and the obvious disadvantage to the state in not having a district court ruling on the issue, we do not consider Howard's statutory-interpretation argument.[1] Because

---

[1] We acknowledge the Minnesota Supreme Court's recent statement that, "[b]ecause the meaning of a criminal statute is intertwined with the issue of whether the State proved beyond a reasonable doubt that the defendant violated the statute, it is often necessary to interpret a criminal statute when evaluating an insufficiency-of-the-evidence claim." *State v. Vasko*, ___ N.W.2d ___, ___, 2017 WL 239945, at *3 (Minn. Jan. 18, 2017). In *Vasko*, the supreme court held that this court did not err by interpreting a charging ordinance before addressing whether the state had presented sufficient evidence to obtain a conviction under the ordinance. *Id.* However, the supreme court concluded that the charging ordinance was unambiguous and therefore did not construe the ordinance in a way that would have disadvantaged the state. *See id.* at *4 ("The unambiguous language of the ordinance does not require the city to give notice of an abandoned vehicle to the person violating the ordinance."). Moreover, the cases on which the supreme court relied in considering an ordinance-interpretation argument for the first time on appeal are distinguishable from this case. *See State v. Nelson*, 842 N.W.2d 433, 435 (Minn. 2014) (dispositive statutory-interpretation issue was raised by defendant and determined by district court in defendant's pretrial motion to dismiss for lack of probable cause); *State v. Tomlin*, 622 N.W.2d 546, 548-49 (Minn. 2001) (the supreme court relied on its previous construction of a charging statute). These cases do not persuade us that it is appropriate to address Howard's statutory-interpretation argument for the first time on appeal when the outcome could prejudice the state.

6

Howard's sufficiency challenge is entirely dependent on his statutory-interpretation argument, we affirm his conviction of possession of ammunition by a prohibited person without further analysis.

**II.**

Howard contends that his "sentence for second degree assault must be vacated because an erroneous jury instruction amended third degree assault to include the same elements as second degree assault." He argues that he was convicted of two offenses that covered the same conduct, and thus he must be sentenced to the less severe offense. As support, he argues that "[t]he jury instructions, including the interrogatory, defined the second and third degree assault as the exact same offense" and that the third-degree assault instruction "materially misstated the law" by including "an interrogatory asking the jury to determine whether Howard used a dangerous weapon."

The state argues that Howard did not object to the challenged jury instruction in district court. An appellate court has discretion to consider an alleged error stemming from an unobjected-to jury instruction if it constitutes plain error affecting substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). However, the state further argues that because Howard did not brief a plain-error claim on appeal, he has waived any claim of plain error. *See State v. Levie*, 695 N.W.2d 619, 627 n.3 (Minn. App. 2005) (stating a plain-error claim may be waived if it is not briefed on appeal). Howard counters that he preserved his objection to the alleged instructional error by objecting to the state's notice to seek an aggravated sentence.

We need not consider the parties' arguments regarding whether Howard raised the alleged instructional error at trial or whether the challenged instruction was erroneous, because Howard does not contend that the alleged instructional error impacted the jury's verdict. *See State v. Hall*, 722 N.W.2d 472, 477 (Minn. 2006) ("A mistaken jury instruction does not require a new trial if the error was harmless."). Instead, Howard's allegation of instructional error is the foundation for his sentencing challenge. We address that challenge directly.

Howard argues that "the crime of third degree assault does not require or involve the use of a dangerous weapon" and that "the result of the interrogatory was to make the elements of second degree assault and third degree assault exactly the same." Howard concludes that because he "was convicted of two offenses with the exact same conduct, the rule of lenity requires his sentence for second degree assault to be vacated and that he be sentenced to third degree assault."

"[T]he rule of lenity . . . applies to the interpretation of criminal statutes when a grievous ambiguity or uncertainty in the statute remains after we have considered other canons of statutory construction." *State v. Nelson*, 842 N.W.2d 433, 443 (Minn. 2014) (quotation omitted). The rule of lenity requires us to resolve the ambiguity in favor of the criminal defendant. *Id*. at 444. The rule "'vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed.'" *Id.* (quoting *United States v. Santos*, 553 U.S. 507, 514, 128 S. Ct. 2020, 2025 (2008)).

8

Howard relies on *Nelson*, as well as *State v. Lewandowski*, 443 N.W.2d 551 (Minn. App. 1989). That reliance is misplaced because those cases involved statutory ambiguity and construction. *See Nelson*, 842 N.W.2d at 444 ("The rule of lenity requires us to resolve the ambiguity in the care-and-support statute in favor of the criminal defendants."); *Lewandowski*, 443 N.W.2d at 554 ("[P]enal statutes must be construed strictly against the state and in favor of the defendant."). Howard has not identified a statutory ambiguity that justifies statutory construction and application of the rule of lenity. Instead, Howard argues that "the result of the interrogatory was to make the elements of second degree assault and third degree assault exactly the same." There is a legal doctrine that applies in such circumstances, but it is not the rule of lenity.

Minn. Stat. § 609.035, subd. 1 (2014) provides:

> [I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

"The purpose of section 609.035 is to protect against exaggerating the criminality of a person's conduct and to make both punishment and prosecution commensurate with culpability." *State v. Ferguson*, 808 N.W.2d 586, 589 (Minn. 2012) (quotation omitted). Section 609.035 "contemplates that a defendant will be punished for the *most serious* of the offenses arising out of a single behavioral incident because imposing up to the maximum punishment for the most serious offense will include punishment for all

9

offenses." *Id.* (quotations omitted) (emphasis added). Under section 609.035, the district court correctly sentenced Howard to the more serious offense of second-degree assault.

Howard also argues that "[t]hird degree assault is a lesser included offense of second degree assault" and that "[t]he rule of lenity requires that the sentence for second degree assault be vacated and that [he] be sentenced on the lesser included offense of third degree assault."

"A person prosecuted for a crime may be convicted of the crime charged or a lesser included offense, but not both. When the finder of fact has a reasonable doubt which crime a defendant has committed, the defendant is entitled to a conviction on the lesser offense." *Lewandowski*, 443 N.W.2d at 553 (citation omitted). This principle is inapplicable because Howard does not present, and the record does not suggest, any reason to believe that the jury had a reasonable doubt regarding whether Howard committed second- or third-degree assault.

In sum, Howard has not established that the alleged instructional error resulted in an improper sentence for second-degree assault. We therefore affirm Howard's sentence.

**Affirmed.**