**STATE of Minnesota, Respondent,**

v.

**Mark James BLUE, Appellant.**

**No. C5–98–1910.**

Court of Appeals of Minnesota.

Aug. 3, 1999.

Review Denied Sept. 28, 1999.

Mike Hatch, Attorney General, St. Paul, and Susan Gaertner, Ramsey County Attorney, Jeanne L. Schleh, Assistant County Attorney, St. Paul, for respondent.

Ted Dooley, Dooley and Reichert, P.L.C., Minneapolis, for appellant.

Considered and decided by DAVIES, Presiding Judge, RANDALL, Judge, and ANDERSON, Judge.

## OPINION

RANDALL, Judge.

A jury convicted appellant of two unrelated counts of criminal sexual conduct in the second degree in violation of Minn. Stat. § 609.343, subds. 1, 2 (1996). Appellant argues that joinder of two unrelated incidents for trial was prejudicial error, and further argues that his Sixth Amendment rights to confront witnesses and present a defense were violated. We reverse and remand.

## FACTS

The first incident occurred on August 17, 1997. Appellant lives in Redwood Falls, Minnesota and has two daughters who live in Mounds View, Minnesota. When appellant visits his daughters, he stays at their mobile home.

On August 16, 1997, appellant's daughters had a sleep-over with several friends. The children and appellant were watching movies in the living room. Appellant's oldest daughter fell asleep so appellant carried her to the bedroom and laid her on the bed. C.D., a friend of appellant's daughter, followed them into the bedroom. C.D. laid on the bed next to appellant's daughter and fell asleep. Appellant began blowing up an air mattress to be placed on the floor. Appellant laid on the air mattress next to the bed. At approximately 2:30 a.m., C.D. allegedly felt appellant's hand rubbing her vagina and trying to pull down her underwear. C.D. scooted over the bed away from appellant's hand until it could not touch her. Appellant's hand allegedly followed C.D. across the bed. The next morning, C.D. awoke and went home.

C.D. told a friend about the incident and the friend advised C.D. to tell her mother. C.D.'s mother phoned the Mounds View police, but decided not to pursue the complaint because C.D. was afraid she would lose her friendship with appellant's daughter.

The second incident occurred on September 20, 1997. It also occurred during a sleep over at the mobile home. H.C. was watching movies on the living room floor when she fell asleep in a sleeping bag. She awoke to find appellant lying between her and appellant's oldest daughter. Appellant was allegedly rubbing H.C.'s buttocks in a circular motion. H.C. moved around until appellant stopped. H.C. got up and called her mother to pick her up. A couple days later, H.C. told a friend about the incident, and the friend told H.C. to call the police. H.C. had heard rumors of what happened to C.D., but had not spoken to C.D. about the rumors. After this second incident, C.D.'s case was reactivated.

An investigator went to Redwood Falls to interview appellant. At first, appellant denied the incidents, but later admitted he touched the girls in order to move them away from his daughter. He stated both his daughters have head lice and he did not want it spread among the other girls. He stated they had misinterpreted his attempt at moving them.

Before trial, appellant requested reports from respondent concerning unrelated sexual abuse against C.D.'s younger brother by juveniles in the neighborhood. The district court conducted an in camera review of the reports and determined they were irrelevant to appellant's case and non-discoverable. Further, during trial, appellant was not able to cross-examine C.D. concerning the sexual abuse against her brother or about a stranger who exposed himself to C.D.

Both girls testified at trial and, using dolls, demonstrated how appellant touched them. Appellant testified he only touched the girls to move them away from his daughter because of the lice problem. Appellant testified he never told C.D. or H.C. about the lice problem because he did not want to embarrass his daughter.

The instructions given to the jury by the district court included the necessary elements to convict someone of criminal sexual conduct in the second degree. The instruction was read and provided to the jury as follows:

Now, the elements of criminal sexual conduct in the second degree are: First, defendant intentionally touched [C.D.] and/or [H.C.'s] intimate parts or the clothing over the immediate area of [C.D.] and/or [H.C.'s] intimate parts. The intimate parts of the body include the genital area, groin, inner thigh, buttocks and breast. It is immaterial whether [C.D.] and/or [H.C.] consented.

\* \* \* \*

Third, at the time of defendant's act, [C.D.] and/or [H.C.] had not reached her 13th birthday. It is immaterial whether defendant was mistaken about [C.D.] or [H.C.'s] age. The State is not required to prove that the sexual contact was coerced.

Fourth, defendant was more than 36 months older than [C.D.] and [H.C.]

And, fifth, defendant's act took place on or about August 17th, 1997, and/or on or about September 20, 1997, in Ramsey County.

If you find that each of these five elements has been proved beyond a reasonable doubt, defendant is guilty of criminal sexual conduct in the second degree. If you find that any of these elements has not been so proved, defendant is not guilty.

The jury convicted appellant of both counts of second-degree criminal sexual conduct. Appellant challenges both convictions and argues that the district court violated: (1) appellant's right to a fair trial by joining the two incidents into one trial; (2) appellant's right to present a defense; (3) the right to confront witnesses by not allowing cross examination of C.D. concerning the excluded reports; and (4) the evidence was insufficient to support the guilty verdict involving H.C.

## ISSUES

1. Did the district court commit reversible error when it permitted the counts involving C.D. and H.C. to be joined for trial?

2. Did the district court abuse its discretion in determining the reports relating to sexual abuse of C.D.'s brother were irrelevant and not discoverable?

3. Were appellant's Confrontation Clause rights violated because appellant was not allowed to cross-examine C.D. concerning the reports about her brother's sexual abuse or the incident when a stranger exposed himself to C.D.?

4. Was the evidence sufficient to sustain the conviction for criminal sexual conduct in the second degree for the count involving H.C.?

## ANALYSIS

### I. Joinder of Offenses

Joinder of criminal offenses is governed by Minn. R.Crim. P. 17.03. Rule 17.03, subd. 1 sets forth the general criteria for joinder. *State v. Profit*, 591 N.W.2d 451, 458 (Minn.1999), *petition for cert. filed*, 1999 W.L. 427354 (U.S. Oct.4, 1999) (No. 98–9958).

Rule 17.03, subd. 1, states, "When the defendant's conduct constitutes more than one offense, each such offense may be charged in the same indictment or complaint in a separate count." Rule 17.03, subd. 4, allows the district court by motion of either party or on its own initiative, to join offenses that could have been charged in a single complaint or indictment under Rule 17.03, subd. 1.

Minnesota courts have required that joined offenses be part of a single behavioral incident or course of conduct. *Profit*, 591 N.W.2d at 458; *see also State v. White*, 292 N.W.2d 16, 18 (Minn.1980) (adopting provisions of Minn.Stat. § 609.035 (1978) as to when offenses arise from single course of conduct).

While *Profit* recognized that a 1990 amendment to Rule 17.03 may have relaxed the standard for joinder, it did not abandon its traditional joinder analysis. *Profit*, 591 N.W.2d at 460. Therefore, this court still looks to see if the charged offenses are of a single behavioral incident. *Id.* The fact that a common plan or scheme is present is not enough to support joinder. *Id.*

In appellant's case, the incidents did not stem from a single behavioral incident. The offenses were separate crimes committed against different young girls. The incidents happened over one month apart and cannot be said to have been motivated by a single criminal objective. Therefore, the joinder of the offenses was improper.

However, even if joinder is improper, a reviewing court will determine if the improper joinder was prejudicial. *State v. Townsend*, 546 N.W.2d 292, 296 (Minn.1996). We conclude that, on these facts, with these jury instructions, it was. First of all, respondent basically admitted that each of the separate cases, standing by itself, was not solid. In its argument for joinder before the district court, respondent conceded, "This is a case where the State may not be able to prove all the relevant facts and circumstances which prove the elements of the crime unless the State can show that this indeed happened more than once under the same circumstances."

Appellant makes the strong and practical argument that the state's argument for joinder of the two incidents equates to this questionable reasoning, "We can't prove it, but if we can twice show you that we can't prove it, that will prove it!"

The possibility of unfairness and confusion, and the state's reliance on character assassination is corroborated, on the record, by respondent's comment during closing argument, "This is why these cases are important to consider together, because the facts of one case support an inference of the intent of the defendant in the other case."

Respondent's comments support, not the possibility, but the probability that the jury meshed both incidents into one when deliberating. Further, the appellant did not put his character into issue at trial. Therefore, respondent did not have the right to make this type of character attack. *See State v. Sharich*, 297 Minn. 19, 23, 209 N.W.2d 907, 911 (1973) (noting prosecution may not attempt to establish bad character of defendant until defendant puts own good character at issue).

Causing further prejudice to appellant is that no formal *Spreigl* notice or *Spreigl* instruction was given to the jury because the cases were joined. *See State v. Spreigl*, 272 Minn. 488, 496–97, 139 N.W.2d 167, 172–73 (1965) (requiring notice when evidence includes other crimes or misconduct). *Spreigl* evidence is generally admissible at trial in order to show a common scheme or plan. Minn. R. Evid. 404(b). Because of inherent danger to a defendant's right to a fair trial, free from prejudicial character attacks, cautionary instructions must be read to the jury prior to the admission of *Spreigl* evidence. *Profit*, 591 N.W.2d at 460. This is not to say that the standard *Spreigl* cautionary instructions could have saved this joinder, but we do not have to consider that issue because even the standard *Spreigl* cautionary instructions were not given. The possibility that the jury did not separate the two incidents when determining appellant's fate is real.

In *Profit*, the supreme court reminded district courts to sever charges if they do not constitute a single behavioral incident. 591 N.W.2d at 461. The district court is not to rely on a *Spreigl* analysis to circumvent the traditional joinder analysis followed by the supreme court. *Id.*

The jury instruction concerning the elements of the charged offense casts grave and serious doubt on the jury's ability to separate the incidents for purposes of determining appellant's guilt as to each one of the two alleged victims who were harmed in two unrelated separate incidents. The use of the "and/or" reference throughout the instruction used at trial was error as a matter of law. It substantially prejudiced appellant by allowing the jury to use elements of one incident that they felt had been proven to prove the essential elements of the another incident yet to be proved. The incidents should have been separated in the jury instructions by solely addressing the incident involving C.D. and then reading a second complete instruction that solely addressed the incident involving H.C. The district court instructed the jury:

> First, defendant *intentionally touched [C.D]. and/or [H.C.'s]* intimate parts or

the clothing over the immediate area of [*C.D.] and/or [H.C.'s]* intimate parts.

(Emphasis added.) In three other places discussing essential elements of the crime, the district court repeated "C.D. and/or H.C." in one form or another. To a common sense lay person, that instruction more probably than not led them to believe that an essential element of the charges involving C.D. could be proved if it happened to C.D. *or* H.C. and that an essential element of the charges involving H.C. could be proved if the state showed it happened to H.C. *or* C.D. The district judge may not have meant to imply this; the prosecuting attorney might argue that she never meant to imply this; but all we can do is look at the jury instructions of record. Proper jury instructions would have included the following:

As to C.D., the elements of criminal sexual conduct in the second degree are: First, defendant intentionally touched C.D.'s intimate parts or the clothing over the immediate area of C.D.'s intimate parts. The intimate parts of the body include the genital area, groin, inner thigh, buttocks and breast. It is immaterial whether C.D. consented.

\* \* \* \*

Third, at the time of defendant's act, C.D. had not reached her thirteenth birthday. It is immaterial whether defendant was mistaken about C.D.'s age. The state is not required to prove that the sexual contact was coerced.

Fourth, defendant was more than 36 months older than C.D.

And, fifth, defendant's act took place on or about August 17th, 1997, in Ramsey County.

If you find that each of these five elements has been proved beyond a reasonable doubt, defendant is guilty of criminal sexual conduct in the second degree. If you find that any of these elements has not been so proved, defendant is not guilty.

There is a second criminal charge you are to consider as to H.C. As to H.C., the elements of criminal sexual conduct in the second degree are: First, defendant intentionally touched H.C.'s intimate parts or the clothing over the immediate area of H.C.'s intimate parts. The intimate parts of the body include the genital area, groin, inner thigh, buttocks and breast. It is immaterial whether H.C. consented.

\* \* \* \*

Third, at the time of defendant's act, H.C. had not reached her thirteenth birthday. It is immaterial whether defendant was mistaken about H.C.'s age. The state is not required to prove that the sexual contact was coerced.

Fourth, defendant was more than 36 months older than H.C.

And, fifth, defendant's act took place on or about September 20, 1997, in Ramsey County.

If you find that each of these five elements has been proved beyond a reasonable doubt, defendant is guilty of criminal sexual conduct in the second degree. If you find that any of these elements has not been so proved, defendant is not guilty.

*See* 10 *Minnesota Practice*, CRIMJIG 12.12 (1990) (providing template for jury instructions regarding criminal sexual conduct in second degree).

If this instruction had been given, which would have fairly separated the two incidents, appellant could still argue that joinder was improper. But we do not have to reach that issue because the joinder was improper and the jury instructions compounded the error. The "and/or" instruction given substantially prejudiced appellant by impermissibly meshing unrelated incidents involving different victims on events that happened months apart.

The possibility that both incidents could have been used as *Spreigl* evidence had the trials been severed (in each trial, facts

from the other incident could have come in as *Spreigl* evidence had all *Spreigl* requirements been met) does not rectify the error in not severing the charges and then using the "and/or" instruction as to both young victims. Most importantly, the offending instructions impermissibly suggested that bad acts that happened to one victim could be used as an essential element in proving the charge involving the other victim.

We conclude the joinder was improper and substantially prejudicial. The prejudice to appellant warrants a reversal of appellant's convictions and a remand to district court for separate trials.

## II. Evidentiary rulings and sufficiency of the evidence

Having decided that joinder in this case was prejudicial and warrants new separate trials, we do not reach the evidentiary issues or the issue of sufficiency of the evidence, as they are rendered moot.

## DECISION

Joinder of the counts involving C.D. and H.C. was improper because they were not part of the same behavioral incident. The joinder was prejudicial because the jury instructions impermissibly suggested that bad acts involving one victim could be used as an essential element in proving the charge involving the second victim. On remand, appellant is entitled to separate trials.

**Reversed and remanded.**